# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1132

_____

United States of America,

          Appellee,

v.

Brian Dion Roach,

          Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota.
\*
\*     [PUBLISHED]
\*

_____

Submitted: June 17, 2011
Filed: July 14, 2011

_____

Before COLLOTON and BENTON, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

    A jury found Brian Roach guilty of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 2241(c) and 2246(2)(D). Roach appeals, arguing that the district court[2] improperly admitted expert witness testimony. We affirm.

---

[1]The Honorable Richard G. Kopf, United States District Court for the District of Nebraska, sitting by designation.

[2]The Honorable Roberto Antonio Lange, United States District Judge for the District of South Dakota.

Roach's sole issue on appeal is that the district court abused its discretion when it allowed Dr. Edward Mailloux to describe to the jury the emotional and behavioral characteristics often observed in sexually abused children. The court reviews the district court's decision to admit expert testimony for abuse of discretion, according it substantial deference. *United States v. Bailey*, 571 F.3d 791, 803 (8th Cir. 2009). Federal Rule of Evidence 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training, or education" may testify to specialized knowledge that will "assist the trier of fact to understand the evidence or to determine a fact in issue." In the context of child sexual abuse cases, we have held that a qualified expert can inform the jury of characteristics in sexually abused children. *United States v. Whitted*, 11 F.3d 782, 785 (8th Cir. 1993).

Roach argues that Dr. Mailloux was not qualified to testify about the emotional and behavioral characteristics of sexually abused children because he lacked formal education or training in child psychology and child psychiatry; rather, his knowledge of "child abuse pediatrics" was derived solely from on-the-job observations and attendance at conferences and seminars. Roach also argues that the government failed to establish a proper foundation at trial to support the reliability of Dr. Mailloux's testimony. We find Roach's arguments to be without merit. Rule 702 does not rank academic training over demonstrated practical experience. *United States v. Anderson*, 446 F.3d 870, 875 (8th Cir. 2006); *Fox v. Dannenberg*, 906 F.2d 1253, 1256 (8th Cir. 1990). Dr. Mailloux is a board-certified pediatrician who has served as Medical Director for Child's Voice, a child abuse evaluation center in Sioux Falls, South Dakota, since 2003. He has regularly examined and evaluated sexually abused children over the past seven years. At trial, Dr. Mailloux testified that in 2010 alone, he personally examined approximately 200 children following allegations of sexual abuse. We conclude there was a sufficient basis for the district court's conclusion that Dr. Mailloux was qualified to testify about the general characteristics of sexually abused children.

Accordingly, we affirm the judgment of the district court.

_____