# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3211
_____

United States of America

*Plaintiff - Appellee*

v.

Roxanne Merrell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: October 20, 2016
Filed: November 18, 2016
_____

Before MURPHY, GRUENDER, and SHEPHERD, Circuit Judges.
_____

MURPHY, Circuit Judge.

Roxanne Merrell was convicted by a jury of two counts of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e). The district court[1] sentenced Merrell to 240 months imprisonment on each count, to be served concurrently.

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Merrell appeals, challenging various aspects of her trial and sentencing proceeding. We affirm.

I.

In 2013 the Department of Homeland Security (DHS) began investigating Travis Guenthner for the production of child pornography. The DHS investigation ultimately uncovered 50,000 photographs and 90 videos of suspected child pornography on Guenthner's various computers and devices. That same year Guenthner pled guilty to five counts of sexual exploitation of minors and two counts of coercion or enticement and was sentenced to life in prison.

Among the child pornography found in Guenthner's possession was a folder containing sexually explicit photographs of the torso region of a prepubescent girl (Minor A). A woman's hands are visible in some of the images in the folder, sometimes spreading Minor A's genitals apart. Through forensic examinations the investigators determined that these photos were created in 2010.

In 2014 Guenthner told investigators that Merrell had sent him the images of Minor A and that she had produced the images at his request. Law enforcement officers then obtained two search warrants, one for Merrell's home and the other for the search of "[t]he person of Roxanne Merrell, specifically body views and photography of her hands." Merrell was interviewed by officers during the execution of the warrants. In her recorded interview, she admitted that she had taken the pictures of Minor A sleeping and that her own hands appeared in the photographs. Officers took Merrell to a police station after this interview and recorded 47 photographs of her hands.

Merrell was indicted on two counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). At trial, the government elicited the

testimony of federal agents and introduced audio clips of Merrell's initial interview with law enforcement officers and cell phone records indicating that she and Guenthner had telephoned each other around the time of the alleged offenses. The government also called special agent James Cole as an expert witness. Over Merrell's objections, Cole testified that it was likely that the adult hands visible in the photographs of Minor A were hers.

The government also called Matthew Stephenson, a child protection worker who had conducted a videotaped interview of Minor A prior to trial. When asked on direct examination about Minor A's reaction when she saw one of the photos of herself found in Guenthner's possession, Stephenson testified that "[Minor A] seemed shocked and confused." On cross examination, Stephenson testified about the questions he had posed to Minor A in the interview, but not her answers. After the government rested, Merrell attempted to introduce the videotape of Stephenson's interview of Minor A. The district court excluded the videotape as hearsay.

The jury found Merrell guilty on both counts. At sentencing the district court determined that the applicable guideline range was 360 months to life, but varied downward and imposed a sentence of 240 months imprisonment on each count, to be served concurrently. Merrell appeals.

II.

Merrell first argues that the district court[2] erred by denying her motion to suppress the 47 photographs of her hands taken during execution of the search warrant. When reviewing the denial of a suppression motion, the district court's findings of fact are examined for clear error and its conclusions of law are reviewed

_____

[2]The Honorable Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota, prepared a report and recommendation on Merrell's pretrial motion to suppress which was subsequently adopted by Judge Doty.

de novo. United States v. Castellanos, 608 F.3d 1010, 1015 (8th Cir. 2010). Since there is no dispute about the relevant facts, we give de novo consideration to Merrell's arguments regarding the constitutionality of the search.

Merrell contends that the 47 photographs should have been suppressed because they exceeded the scope authorized by the search warrant. We disagree. Although Merrell is correct that the Fourth Amendment requires a warrant to describe particularly "the things to be seized," there is no requirement that "search warrants . . . include a specification of the precise manner in which they are to be executed." Dalia v. United States, 441 U.S. 238, 255, 257 (1979) (citation omitted). We generally leave the "details of how best to proceed with the performance of a search authorized by warrant" to the judgment of the officers responsible for the search. Id. at 257. In this case, the warrant specified that law enforcement could search "[t]he person of Roxanne Merrell, specifically body views and photography of her hands." The manner in which the officers carried out the search here did not exceed the scope of the warrant.

Nor do we agree with Merrell that the photography process exceeded the bounds of reasonableness required by the Fourth Amendment. See U.S. Const. amend. IV; see also Hummel-Jones v. Strope, 25 F.3d 647, 650 (8th Cir. 1994) (noting that a valid warrant does not immunize the execution of a search from reasonableness review). The Fourth Amendment reasonableness standard "is flexible" and intends to balance the private interests of citizens against the countervailing public interests of law enforcement. See United States v. Bach, 310 F.3d 1063, 1067 (8th Cir. 2002); see also Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977) (per curiam). Merrell argues that such a balance was exceeded in her case because it was not necessary to take her to the police station or to touch her in order to obtain the photographs. The fact that there may be less intrusive means by which law enforcement officers could conduct a search does not make it necessarily unreasonable, however. United States v. Williams, 477 F.3d 974, 976 (8th Cir. 2007). Moreover, the abbreviated physical

touching of Merrell was limited to her hands during a twenty minute period. Based on the totality of the circumstances, we conclude that the manner in which law enforcement executed the search warrant here was reasonable.

Finally, we reject Merrell's argument that her due process rights under the Fourteenth Amendment were violated because the warrant's execution was an "identification procedure" that had been "suggestive and unnecessary." The photographing of Merrell's hands by law enforcement officers did not amount to an identification procedure, as Merrell terms it, because the photographs were not being presented to an eyewitness for the purpose of identifying an alleged criminal perpetrator. See, e.g., Perry v. New Hampshire, 132 S. Ct. 716, 721 (2012). Rather, the photographs were evidence gathered during the execution of a valid search warrant. Merrell's due process rights were therefore not violated.

III.

Merrell next argues that the district court erred by admitting the expert testimony of special agent Cole. The admission or exclusion of expert testimony is reviewed for abuse of discretion. United States v. Roach, 644 F.3d 763, 763 (8th Cir. 2011) (per curiam). Under Federal Rule of Evidence 702 an expert witness may provide opinion testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

When assessing whether expert testimony is based on scientific knowledge, trial courts may consider various factors including: (1) whether the expert's technique can be tested, (2) whether the technique "has been subjected to peer review and

publication," (3) whether there is a "known or potential rate of error," and (4) whether the technique is generally accepted within the relevant scientific community. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 593–94 (1993). These same factors may also be relevant in assessing the admissibility of an expert's testimony on the basis of "technical, or other specialized knowledge." Fed. R. Evid. 702(a); see Kumho Tire Co. v. Carmichael, 526 U.S. 137, 149–50 (1999). In the case of all expert testimony the district court serves as a gatekeeper to ensure that only reliable and relevant expert testimony is presented to a jury. See Kumho Tire Co., 526 U.S. at 152.

Assuming Merrell is correct that the district court abused its discretion by failing to exclude Agent Cole's testimony, this failure was harmless. Improperly admitted testimony warrants reversal of a conviction if the testimony "substantially influence[d] the jury's verdict." United States v. Iron Hawk, 612 F.3d 1031, 1039 (8th Cir. 2010). Agent Cole's testimony could not have substantially influenced the jury's verdict here because of the overwhelming evidence provided by the government of Merrell's guilt. Most important was Merrell's confession which had been captured on tape by law enforcement officers. In that tape, she admitted that she had produced the child pornography at issue and that the adult hands visible in the photographs were hers. Merrell's confession was corroborated by evidence of the phone records between Merrell and Guenthner around the time the photographs were produced. Since substantial evidence other than Agent Cole's testimony supported the jury's verdict, its improper admission does not warrant reversal for a new trial. See id.; see also United States v. Oliver, 908 F.2d 260, 264 & n.3 (8th Cir. 1990).

## IV.

Merrell's third claimed error relates to the district court's exclusion of the videotape of Stephenson's interview of Minor A as hearsay.  We review the evidentiary rulings of a district court for abuse of discretion and will not substitute our judgment for its judgment.  United States v. Condon, 720 F.3d 748, 754 (8th Cir. 2013).  The district court did not abuse its discretion here.

Merrell argues that the videotaped interview of Minor A was admissible because it fell within two exceptions to the hearsay rule:  (1) present sense impressions, and (2) then existing mental, emotional, or physical conditions.  See Fed. R. Evid. 803(1), (3).  Even assuming that Minor A's statements fell within an exception to the hearsay exclusion, we see no abuse of discretion by the district court's decision to exclude the statements under Federal Rule of Evidence 403.

Merrell argues that the failure to admit the videotape of Minor A's interview kept her from putting on an effective defense because she was prevented from presenting witnesses on her own behalf.  There is no indication that the district court prevented Merrell from calling Minor A as a witness, however.  Furthermore, Merrell fails to identify a single, critical statement made by Minor A in the interview that would have had the potential to affect the outcome of the case.  We see no abuse of discretion in the district court's conclusion that any probative value was substantially outweighed by the videotape's potential to confuse the issues.  See Fed. R. Evid. 403.

## V.

Merrell also contends that the district court erred with respect to the jury instruction on lascivious exhibition.  We review a challenge to a jury instruction for abuse of discretion and "will affirm so long as 'the instructions, taken as a whole, fairly and adequately submitted the issues to the jury.'"  United States v. Aleman, 548

F.3d 1158, 1166 (8th Cir. 2008) (quoting United States v. Lalley, 257 F.3d 751, 755 (8th Cir. 2001)).

The district court used the Eighth Circuit Model Instruction on lascivious exhibition, which is as follows:

> Whether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; (8) the caption(s) on the picture(s).
>
> It is for you to decide the weight or lack of weight to be given to any of these factors. A picture need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.

Model Crim. Jury Instr. 8th Cir. § 6.18.2252A (2014). Merrell asked the district court additionally to instruct the jury on the definition of lascivious exhibition outlined in the Modern Federal Jury Instruction treatise available on LexisNexis, which states:

> The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.

Leonard B. Sand et al., 3 Modern Federal Jury Instructions-Criminal Instr. 62-7 (2016). Merrell contends the district court's refusal to give her proposed definitional

instruction did not fairly submit the issues to the jury because the jury was deprived of an opportunity to assess whether the photographs were "clinical" and therefore not lascivious exhibition.

We see no abuse of discretion in the instructions given by the district court. It is well settled that a defendant "is not entitled to a particularly-worded instruction when the instructions actually given by the trial court adequately and correctly cover the substance of the requested instruction." United States v. Espinoza, 684 F.3d 766, 783 (8th Cir. 2012) (quoting United States v. Cruz-Zuniga, 571 F.3d 721, 725 (8th Cir. 2009)). Such is the case here. We therefore conclude the district court did not abuse its discretion when it declined to give the specific instruction on lascivious exhibition requested by Merrell.

VI.

Merrell's final argument is that the district court committed procedural error at her sentencing proceeding and that her sentence is substantively unreasonable. Since Merrell did not object during her sentencing proceeding, we review the district court's actions at sentencing for plain error. United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). We review the substantive reasonableness of Merrell's sentence for abuse of discretion. United States v. Maxwell, 778 F.3d 719, 734 (8th Cir. 2015).

The procedural error claimed by Merrell is the district court's alleged failures adequately to consider the sentencing factors outlined in 18 U.S.C. § 3553(a) or to explain the reasons for the sentence imposed. A district court is not required to recite the § 3553(a) factors mechanically or to "make specific findings on the record" about each factor. United States v. Fry, 792 F.3d 884, 891 (8th Cir. 2015) (quoting United States v. Deegan, 605 F.3d 625, 630 (8th Cir. 2010)). Instead, we review the record to ensure the district court gave due consideration to the statutory factors in fashioning the sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en

banc). If a case "is conceptually simple, and the record makes clear that the sentencing judge considered the evidence and arguments, the law does not require the judge to write or say more." Chavarria-Ortiz, 828 F.3d at 671 (citing Rita v. United States, 551 U.S. 338, 359 (2007)).

After careful review of the record in this case, we conclude the district court committed no procedural error. At sentencing the district court heard argument from counsel for Merrell and from counsel for the government, as well as statements by Merrell and Minor A's father. The district court made clear that the sentence imposed was "appropriate and reasonable in light of the considerations set forth in 18 United States Code, Section 3553(a)." The court specifically noted that it had taken into consideration Merrell's history and characteristics and the offense conduct at issue, concluding the "sentence imposed is sufficient, but not greater than necessary, to afford adequate deterrence to future criminal conduct." In the context of this case, we do not think the district court was required to say more.

Nor do we conclude that Merrell's 240 month sentence on each count, to be served concurrently, is substantively unreasonable. A sentence is substantively unreasonable if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). Merrell argues that her sentence is substantively unreasonable because other defendants in this circuit have received shorter sentences for comparable offense conduct. At base, this is a disagreement with the manner in which the district court weighed the § 3553(a) factors in her case and does not establish that the district court abused its discretion. See United States v. Lozoya, 623 F.3d 624, 627 (8th Cir. 2010).

Moreover, we note that the district court varied downward 120 months from the bottom of the guideline range. As we have said before, "when a district court has

-10-

sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." <u>Maxwell</u>, 778 F.3d at 734 (citation omitted) (internal quotation marks omitted). Merrell has failed to establish that hers is the rare case in which a decision not to vary further amounted to an abuse of discretion.

## VII.

Accordingly, we affirm the judgment of the district court.

_____