# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2918
_____

United States of America

*Plaintiff - Appellee*

v.

Dante Jamal Glinn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 9, 2017
Filed: July 19, 2017

_____

Before RILEY and BEAM, Circuit Judges, and ROSSITER,[1] District Judge.

_____

BEAM, Circuit Judge.

Dante Glinn appeals following a jury trial conviction and sentence for theft of a firearm from a federally licensed firearms dealer in violation of 18 U.S.C. §§ 922(u)

_____

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska, sitting by designation.

and 924(m). The district court[2] sentenced Glinn to 78 months' imprisonment followed by three years' supervised release. Glinn challenges the district court's refusal to give a particular jury instruction at trial, claims the district court procedurally erred in calculating his sentence, and argues the court erred in its imposition of a special condition of supervised release. We affirm.

## I.    BACKGROUND

On August 25, 2015, at approximately 1:00 p.m., the manager of Sports Outfitters was in the back of the store and saw on the surveillance camera that an individual entered the showroom. By the time the manager walked into the showroom to assist the customer, the customer was gone. Later viewing of the surveillance footage revealed that a man entered the store, reached over a glass display counter, grabbed a handgun from behind the counter, and ran out the front door. Sports Outfitters is a federally licensed firearms dealer. Following the incident the manager called the police. As part of the investigation, among other things, officers interviewed witnesses, reviewed the surveillance video, and obtained crime scene evidence. Two days later, officers spoke to Glinn during a traffic stop and certain aspects of the conversation raised their suspicions about his involvement in the theft of the handgun. Ultimately, following the investigation, Glinn was charged with the instant offense and a jury trial took place in January 2016.

During trial, Glinn objected to instruction 12, which explicated the crime of theft of a firearm from a federally licensed firearms dealer. Glinn argued that the instruction should expressly include an intent element. He claimed that the instruction as written failed to require the jury to find "that the defendant [committed the crime] with the intent to permanently deprive Sports Outfitters of the firearm," as the second

---

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

element. The district court held that instruction 12 as written without an intent element was "a correct statement of the law" and thus overruled the objection. The jury found Glinn guilty.

In arriving at Glinn's sentence, the district court determined Glinn's starting base offense level was fourteen because Glinn was a prohibited person under U.S.S.G. § 2K2.1(a)(6)(A) as an unlawful user of a controlled substance at the time he stole the firearm. The court further increased his base offense level two levels pursuant to § 2K2.1(b)(4)(A) because the firearm was stolen. After arriving at a Guidelines calculation, the district court departed upward and imposed a sentence of 78 months' imprisonment followed by a three-year term of supervised release. The court imposed an alcohol provision, in addition to other conditions, prohibiting Glinn from using alcohol or being in alcohol related establishments as a condition of Glinn's supervised release. Glinn challenges instruction 12, the district court's Guidelines calculations, as well as the terms of his supervised release.

## II.     DISCUSSION

### A.     Jury Instruction

Glinn first challenges the district court's refusal to adopt his proffered jury instruction on the crime of theft of a firearm from a federally licensed firearm dealer. We review a district court's formulation of jury instructions for an abuse of discretion, but if the court's "refusal of a proffered instruction simultaneously denies a legal defense, the correct standard of review is de novo." United States v. Young, 613 F.3d 735, 744 (8th Cir. 2010). When reviewing jury instructions, we ensure that the instructions, taken as a whole, fairly and adequately submitted the issues to the jury. United States v. Merrell, 842 F.3d 577, 583 (8th Cir. 2016). In this case, we review the district court's formulation of the instructions for an abuse of discretion, as Glinn was not deprived of a legal defense.

The charge against Glinn was theft of a firearm from a federally licensed firearms dealer under 18 U.S.C. § 922(u), which makes it "unlawful for a person to steal or unlawfully take or carry away from the person or the premises of a person who is licensed to engage in the business of . . . firearms, any firearm in the licensee's business inventory that has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(u). The district court instructed the jury on the elements of this offense as follows:

> The crime of theft of a firearm from a federally licensed firearms dealer, as charged in the Indictment, has three elements, which are: *One*, on or about August 25, 2015, the defendant stole, took or carried away a firearm, namely a Kimber .45 caliber handgun bearing serial number KR201205, from a federally licensed firearms dealer; *Two*, the firearm was taken from the licensee's business inventory; *Three*, the firearm was shipped or transported across a state line at some time during or before the defendant stole it.

Glinn argues that the court should have additionally instructed the jury that, to find him guilty, the government must prove Glinn took, stole, or carried away the firearm "with the intent to permanently deprive Sports Outfitters of the firearm." This additional language was unnecessary, however. This circuit has held that proof of the act of stealing does not require proof of a defendant's specific intent to permanently deprive. United States v. Van Elsen, 652 F.3d 955, 959-61 (8th Cir. 2011) (discussing Supreme Court and this court's precedents to discern the existence of an express element of intent and the scope of conduct implicated by the word "stolen"). Thus, the formulation provided to the jury, taken as a whole, fairly and adequately submitted the issue to the jury. Merrell, 842 F.3d at 583.

-4-

**B. Sentencing**

"We review the district court's 'factual findings for clear error and its interpretation of the Guidelines de novo.'" United States v. Sykes, 854 F.3d 457, 459 (8th Cir. 2017) (quoting United States v. Vickers, 528 F.3d 1116, 1120 (8th Cir. 2008)). On appeal, Glinn first argues that the district court erred in using a base offense level of fourteen because the evidence was insufficient and because information from his pretrial-services interview cannot be properly used to support the finding that he was a "prohibited person." Glinn additionally claims that the court erred in applying a two-level upward adjustment for a stolen firearm being used in the offense.

First, the district court correctly concluded that defendant's base offense level was fourteen because Glinn was a prohibited person, a drug user, at the time of the offense. Where a defendant "was a prohibited person at the time the defendant committed the instant offense," the base offense level for a firearm conviction is fourteen. U.S.S.G. § 2K2.1(a)(6)(A). The Guidelines define "prohibited person" as any person described in 18 U.S.C. § 922(g) or § 922(n). Id. at § 2K2.1 application note 3. Section 922(g), relevant here, provides that "[i]t shall be unlawful for any person . . . (3) who is an unlawful user of . . . any controlled substance . . . [to] possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g).

The district court did not clearly err in its factual determination that Glinn was a prohibited person for purposes of § 2K2.1(a)(6)(A). At the time of the traffic stop, Glinn told the officer that he was now on a "straight path," and he would "chill" with his girl–"eat, chill, do a little smokin', I ain't gonna lie to ya, I smoke, I chill, hang with my girl, and I stay off the street." The officer testified at sentencing that he concluded from Glinn's comments that he was talking about marijuana, not cigarettes. The audio recording from the traffic stop was admitted at the sentencing hearing. Based on this testimony and the audio recording, the court concluded that the base offense level was

-5-

fourteen because Glinn admitted to the officer that he was a user of marijuana. This evidence, alone, supports the district court's base offense level determination under clear error review. Accordingly, we need not consider whether it was appropriate or not for the district court to review any evidence obtained through pretrial services. Too, the court itself stated that in its ruling on whether Glinn was a prohibited person, that its "primary reliance [was] on [Glinn's] own statements" and not any pretrial information. There was no clear error in the district court's factual determination.

Having established that the proper base offense level was fourteen, we move on to the district court's imposition of a two-level increase under § 2K2.1(b)(4)(A). Section 2K2.1(b)(4)(A) provides that if the offense involved a stolen firearm, the base offense level should be increased by two levels. Here, Glinn's offense of stealing a firearm from a licensed firearm dealer in violation of 18 U.S.C. § 922(u) necessarily involved a stolen firearm. Glinn argues that application of this two-level increase constitutes double counting because the base offense level already incorporates the fact that the firearm is stolen and thus its application is simply not rational. He claims that application note 8(A) to this Guidelines' section settles the matter and demonstrates his point.

Application note 8(A) for § 2K2.1 states "[i]f the only offense to which § 2K2.1 applies is 18 U.S.C. § . . . 922(u), or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A). This is because the base offense level takes into account that the firearm or ammunition was stolen." Glinn acknowledges that the district court calculated his sentence under § 2K2.1(a)(6), which application note 8(A) does not address. Despite that, Glinn argues, without support, that the omission of (a)(6) from the proscription in application note 8(A) was an oversight or that the application note was merely an "incomplete expression" of the fact that all of the base offense levels under § 2K2.1 account for the fact that a firearm was stolen. Glinn claims there is no material

difference between an (a)(6) calculation and one under (a)(7) and application note 8(A) should apply equally to base offense levels established under (a)(6), thus prohibiting a two-level increase.

Glinn misses the mark. On its face, the base offense level established under § 2K2.1(a)(6)(A) only contemplates whether the defendant was a prohibited person. *Then* the stolen firearm is accounted for in the Guidelines under § 2K2.1(b)(4)(A) as a specific offense characteristic. Contrary to Glinn's argument and conjecture, the base offense levels contemplated by § 2K2.1(a) do *not* all account for the fact that a firearm was stolen. Stated differently, while the statutes under which Glinn was convicted–18 U.S.C. §§ 922(u) and 924(m)–criminalize acts involving stolen firearms, the Guidelines base offense levels do not all begin with the basis that a firearm was stolen. Very plainly, contrary to Glinn's argument on appeal, there *is* a material difference between a base offense level calculated under § 2K2.1(a)(6) and (a)(7), and application note 8(A) speaks for itself.

Accordingly, applying the Guidelines, Glinn's base offense level was fourteen because he was a prohibited person at the time he committed the instant offense. Additionally, the court correctly increased that base offense level by two under § 2K2.1(b)(4)(A) because the firearm was stolen. The district court accurately applied the Guidelines in this case to calculate Glinn's sentence.

## C.    Condition of Supervised Release

Finally, as to the challenged special condition of supervised release, we review the district court's imposition for an abuse of discretion. United States v. Durham, 618 F.3d 921, 933 (8th Cir. 2010). Courts have broad discretion in imposing special conditions, but each condition must "be reasonably related to the § 3553(a) factors, involve no greater deprivation of liberty than is reasonably necessary, and [be] consistent with any pertinent policy statements issued by the United States Sentencing

Commission." Id. (quoting United States v. Jorge-Salgado, 520 F.3d 840, 842 (8th Cir. 2008)). Glinn challenges the special condition that he "must not use alcohol and is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern."

Glinn argues that because his offense of conviction is not alcohol related, he has no history of alcohol related offenses, and there is no indication in the record that his use of alcohol has ever been problematic, the imposition of this condition is improper. The district court stated that it imposed this condition as "an appropriate condition for supervision and [that it] complies fully with the law as to the conditions of supervision." The imposition of this condition was based on the court's reasoning that Glinn was an admitted regular marijuana user with prior convictions for marijuana possession and an additional recent crack possession conviction. Glinn also on his own volition reported that he might like substance abuse treatment to help him confront his desire to consume marijuana and the court reasoned he might substitute alcohol for other controlled substances; a reference to concerns of cross addiction. The purpose of the condition, according to the district court, was to help Glinn be successful in substance abuse treatment.

While there is no indication Glinn's crime of conviction was in any way related to alcohol or bars, taverns, and the like, given the evidence of Glinn's drug use and alleged dependency, this condition reasonably relates to the § 3553(a) factors, is consistent with pertinent policy statements issued by the United States Sentencing Commission and while restrictive, does not involve a greater deprivation of liberty than is reasonably necessary. United States v. Forde, 664 F.3d 1219, 1224 (8th Cir. 2012) (affirming alcohol condition for daily user of marijuana because the use of alcohol limits a recovering person's ability to maintain a drug-free lifestyle). The threat that cross addiction poses on these facts to Glinn's rehabilitation process is more than pure speculation and there was no abuse of discretion.

## III. CONCLUSION

For the reasons stated herein, we affirm.

_____