# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2928

_____

United States of America

*Plaintiff - Appellee*

v.

Shannon Lee Paxton

*Defendant - Appellant*

_____

No. 18-2971

_____

United States of America

*Plaintiff - Appellee*

v.

Shannon Lee Paxton

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: May 17, 2019
Filed: August 14, 2019
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and KOBES, Circuit Judges.
_____

PER CURIAM.

Just months after his release from federal prison, Shannon Lee Paxton launched an expansive methamphetamine trafficking operation in Des Moines. A year later, Paxton pleaded guilty to five different drug and firearms related offenses: conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1); distribution of methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); possession with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and the possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). The district court[1] sentenced Paxton to 366 months in prison on these counts,[2] which was fifty-four months below the range recommended by the U.S. Sentencing Guidelines. Paxton appeals, arguing that his sentence is substantively unreasonable. We disagree and affirm the district court.

_____

[1] The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

[2] Paxton was separately sentenced to an additional twenty-four months for violating the terms of his supervised release. Sent. Tr. 20-21. Although he initially appealed this portion of his sentence, he abandoned that claim in his briefing. Appellant Br. at 2.

Paxton's sole argument on appeal is that the district court's sentence was substantively unreasonable because it failed to adequately consider three factors: his age, substance abuse history, and mental health issues. "We consider the substantive reasonableness of [a] sentence imposed under an abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotations and citation omitted).

We reject Paxton's argument for two reasons. First, the record shows that the district court did consider his age, history of substance abuse, and mental health issues. As to his age, just minutes after his attorney raised the age Paxton would be upon release as a mitigating factor, the court highlighted that Paxton "is a 47-year-old man." Sent. Tr. at 15-18. The court also specifically noted that Paxton's "substance abuse history reaches back to the age of 14 with alcohol and marijuana, 15 for cocaine abuse, and then at the age of 20 Defendant began using methamphetamine." Id. at 18-19. Further, the court made special mention of his "mental health issues, including bipolar disorder and anxiety and depression . . . ." Id. at 18.

Paxton's argument also fails for a second reason: nothing in the record suggests that the district court improperly weighed the factors relevant to his sentence. It is rare that a below-the-Guidelines sentence is substantively unreasonable by reason of being excessive. See United States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016) ("[W]hen a district court has sentenced a defendant below the advisory Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further") (quotation omitted). And Paxton faces a particularly tall order here, because his sentence was fifty-four months below the Guidelines' prescribed range. Nor do the specifics of Paxton's offenses help his cause. He was

the organizer and leader of a drug trafficking organization the district court described as "horrifying, truly horrifying." Sent. Tr. at 17. In its few months of existence, it handled "almost unquantifiable amounts of methamphetamine as far as a community of Des Moines' size," "trafficked in firearms," and "had huge sums of cash." Id. In explaining the reason for its downward variance, the district court noted its view that the methamphetamine guidelines "are far too high." Id. at 19. But even that reason had limited application for Paxton because the amount of methamphetamine involved was "at a minimum . . . 13 times" that required to qualify for the applicable base level offense. Id. We see no reason to believe that Paxton's sentence is unreasonable.

Affirmed.

_____