# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1356
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Juan Ceja, also known as Joe

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque
_____

Submitted: January 13, 2020
Filed: April 17, 2020
[Unpublished]
_____

Before KOBES, BEAM, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Jose Juan Ceja appeals the 156-month sentence imposed by the district court[1] following his guilty plea to conspiracy to distribute methamphetamine. At issue is the imposition of a two-level enhancement pursuant to United States Sentencing Guidelines Manual § 2D1.1(b)(2) for making a credible threat to use violence. The evidence at the sentencing hearing showed that Ceja was upset when he was unable to get access to a drug shipment to a home in Dubuque, Iowa, meant for co-conspirator Samuel Taylor, who was out of town when the shipment arrived. Ceja believed that Taylor's friend Brenda Harker (also a co-conspirator) had knowledge about how Ceja could obtain the package. Both Taylor and Harker cooperated by testifying at Ceja's sentencing hearing.

Taylor testified that he was in Kansas City at a dart tournament during the incident between Ceja and Harker, and that Harker had tried calling Taylor numerous times during the tournament because Ceja was at her house and she was worried about the situation. Harker testified that she did not have the package, but Ceja believed that Harker could produce either Taylor or the whereabouts of the package. While waiting on Taylor's response to Harker, Ceja became agitated and showed Harker videos of violence inflicted by the Mexican drug cartel upon those who were not compliant with its drug dealing activities. Harker testified that she viewed this as intimidating, and Harker was especially concerned for Taylor's safety if she could not produce either the package or Taylor. Ceja told Harker that the organization could send someone in Kansas City to get to Taylor, and that the people running the cartel "don't play." The district court credited her testimony, including noting that her testimony was corroborated by Taylor's testimony, and applied the enhancement. The district court's credibility determinations are "virtually unassailable on appeal." United States v. Rodriguez, 711 F.3d 928, 938 (8th Cir. 2013) (quotation omitted). With the credible testimony of both Taylor and Harker, the government met its

___

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

burden of proving by a preponderance of the evidence that Ceja made a credible threat to use violence. Id. at 940 (preponderance standard). Accordingly, we find no procedural error in the district court's application of the enhancement.

Ceja also argues that the court should have granted him a downward variance due to his longtime addiction to methamphetamine. Ceja's originally calculated Guideline range was 235 to 293 months. However, because of the district court's policy disagreement with the methamphetamine Guidelines, the court substantially reduced Ceja's base offense level, resulting in a range of 151 to 188 months. The court then assessed a 156-month sentence. "[W]hen a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016) (quotation omitted). Accordingly, we affirm.

_____