# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1159
_____

United States of America

*Plaintiff   Appellee*

v.

Antoinne Lee Washington, also known as Antionne Lee Washington

*Defendant   Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: March 13, 2020
Filed: April 22, 2020
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

On August 1, 2018, Antoinne Lee Washington was convicted of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1), and transportation to engage in prostitution in violation of 18 U.S.C. § 2421(a). He

appeals asserting the district court[1] erred when it admitted "other acts" evidence under Federal Rule of Evidence 404(b) and when it allowed an expert to testify about sex trafficking.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**I.  Background**

Washington and C.S. met during the winter of 2013–2014 and within a few months C.S. was engaging in prostitution under Washington's direction.  The relationship was stormy, was marked by physical and emotional violence, and was dominated by Washington's controlling behavior.  The pair traveled frequently, crossing state lines and settling in different cities for short periods of time.  In September 2017, police were called to a hotel in Urbandale, Iowa, in response to a report of domestic violence involving Washington and C.S.  This incident ultimately led to Washington's arrest and the charges in this case.

Washington pled not guilty and proceeded to trial.  Prior to trial the prosecution gave notice under Rule 404(b) noting its intent to offer evidence related to: (1) a 2017 domestic assault of C.S. by Washington; (2) Washington's coercion of another victim in C.S.'s presence in 2017; and (3) Washington's 2011 conviction for pandering-induced by menacing.  Washington filed a motion *in limine* objecting to the admission of all three items covered by the Rule 404(b) notice and to the prosecution's offer of an expert witness on the business of sex trafficking.  Washington argued the proffered evidence was improper character evidence under Rule 404(b)(1) and its probative value was substantially outweighed by the danger of unfair prejudice.  He also argued expert testimony was not necessary to assist the jury.

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

The district court held that each of the proffered Rule 404(b) items was admissible, though for different reasons. The court concluded the 2017 domestic assault and the coercion of another witness in the presence of C.S. were intrinsic evidence of the crime charged and thus outside the scope of Rule 404(b). The district court concluded the 2011 pandering conviction was covered by Rule 404(b), finding the evidence was relevant to knowledge and intent, was factually similar, and was close enough in time to be admitted. The court applied the Rule 403 balancing test to the proffered evidence and, after limiting the scope of the testimony, found the evidence as limited was not unfairly prejudicial.

The district court rejected Washington's request to exclude expert testimony on the grounds that the proffered testimony was relevant and would assist the jury as required under Rule 702. The expert witness testified generally about business and jargon of sex trafficking but did not discuss the case's specific facts.

At trial Washington's theory of defense was that while he and C.S. had a stormy personal relationship, C.S. was a willing prostitute and business partner. He denied any force or coercion related to the prostitution. C.S. testified she wanted to engage in prostitution and used the internet to solicit customers; however, Washington created the website, determined what photos would be used, and established rules for C.S. to follow. The jury convicted Washington on both counts and Washington appeals.

## II. Discussion

### A. Other Acts Evidence

We review a district court's admission of evidence under Rule 404(b) for abuse of discretion. United States v. Geddes, 844 F.3d 983, 989 (8th Cir. 2017). Likewise, the district court has broad discretion to admit intrinsic evidence. United States v.

-3-

Guzman, 926 F.3d 991, 1000 (8th Cir. 2019). We will not reverse the court's decision to admit Rule 404(b) evidence or intrinsic evidence unless the evidence "clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." Id. (quotation marks omitted); Geddes, 844 F.3d at 989.

Evidence of prior acts is admissible if it is: (1) relevant to a material issue raised at trial; (2) similar in kind and close in time to the charged crime; (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act; and (4) its probative value is not substantially outweighed by its prejudicial effect. Geddes, 844 F.3d at 989–90. Rule 404(b) prohibits the admission of prior acts to prove a defendant has a propensity to commit the crimes charged, but does not preclude intrinsic evidence tending to provide the context of the crime charged. Guzman, 926 F.3d at 999.

Central to Washington's appeal is his claim that the evidence is irrelevant because C.S. engaged in completely voluntary prostitution. The evidence, however, was directly relevant to the question of whether C.S.'s conduct was in fact voluntary or whether she was forced or coerced into prostitution. Even though C.S. testified that her prostitution was her idea, the evidence presented by the government tended to establish that during the course of the relationship Washington forced or coerced C.S. to prostitute herself.

Because Washington's 2017 domestic assault of C.S. and coercion of another victim are "inextricably intertwined" with the sex-trafficking by force charge in this case, the evidence was properly admitted as intrinsic evidence. See United States v. Campbell, 764 F.3d 880, 888 (8th Cir. 2014) (quoting 18 U.S.C. § 1591(e)(2)(B)) (evidence is intrinsic if it is "part of a 'pattern intended to cause a person to believe that failure to perform an act of prostitution would result in serious harm.'").

Washington's 2011 conviction for pandering was properly admitted under Rule 404(b) because it tended to show Washington's knowledge and intent to coerce or force C.S. into prostitution. The district court properly weighed the Rule 403 factors, limited the scope of the testimony, and gave a limiting instruction designed to reduce the risk of prejudice. See United States v. Cotton, 823 F.3d 430, 435 (8th Cir. 2016).

*B. Expert Testimony*

A district court's decision to admit expert testimony is given substantial deference and reviewed for abuse of discretion. Geddes, 844 F.3d at 991. We will reverse a conviction only if improperly-admitted expert testimony substantially influenced the verdict. United States v. Merrell, 842 F.3d 577, 582 (8th Cir. 2016).

We find no abuse of discretion in allowing an expert to testify about the business and jargon of sex trafficking in this case. Geddes, 844 F.3d at 991 (allowing expert testimony "regarding the operation of a prostitution ring, including recruitment of prostitutes and the relationship between pimps and prostitutes, and regarding jargon used in such rings") (quotation marks omitted). The expert had adequate credentials and sufficient factual data on which to base her testimony. It was useful to the jury and Washington's generalized argument that she did not testify on the specific facts of his relationship with C.S. is insufficient to warrant exclusion.

## III. Conclusion

The district court did not abuse its discretion in admitting the "other acts" evidence or allowing the expert testimony. We affirm.

_____