# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3513
_____

United States of America

*Plaintiff - Appellee*

v.

Rachel Marie Horn

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: June 15, 2020
Filed: July 20, 2020
[Unpublished]
_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

Rachel Marie Horn pleaded guilty to distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); possession with intent to distribute at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and being a felon in possession

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After determining that Horn's advisory sentencing range was 360 months' to life imprisonment under the U.S. Sentencing Guidelines (Guidelines), the district court[1] varied downward and sentenced her to 240 months' imprisonment. We affirm.

Horn contends that the district court abused its discretion by failing to address her policy argument that the Guidelines erroneously assign culpability based on methamphetamine purity and that the Guidelines' ratio is not based on empirical evidence. She argues further that the court abused its discretion when it declined to vary downward further because of her traumatic childhood. The record establishes that the district court was aware of her policy challenges, as reflected in her counsel's statement at sentencing that "I know the Court is well aware of that argument." Sentencing Tr. 3; see United States v. Carter, 960 F.3d 1007, 1012 (8th Cir. 2020) ("District courts are free to vary from the Guidelines based on [policy arguments], but it is not an abuse of discretion for a district court to decline to do so."); United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) ("[A] district court that is aware of an argument does not abuse its discretion by not considering it."). Likewise, the district court was well aware of and considered Horn's life circumstances when it imposed a sentence below the advisory Guidelines range. "I have considered her life circumstances. They are nothing short of tragic." Sentencing Tr. 11; see United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [the defendant] would have preferred does not justify reversal." (internal quotation marks and citation omitted)). The sentence is thus not substantively unreasonable. See United States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016) ("[W]hen a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

varying downward still further." (quoting <u>United States v. Maxwell</u>, 778 F.3d 719, 734 (8th Cir. 2015))).

The sentence is affirmed.

_____