# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2106
_____

United States of America,

*Plaintiff - Appellee,*

v.

Luther D. Gilmore,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 13, 2020
Filed: August 6, 2020
_____

Before COLLOTON and BENTON, Circuit Judges, and WILLIAMS,[1] District Judge.
_____

COLLOTON, Circuit Judge.

In May 2019, a jury found Luther Gilmore guilty on one count of unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1).

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa, sitting by designation.

Gilmore appeals and challenges the refusal of the district court[2] to use certain jury instructions that he requested. He also raises several challenges related to the knowledge element of his offense in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). We conclude that there is no reversible error and affirm the judgment.

## I.

On April 9, 2017, two officers with the Omaha Police Department pulled over a minivan after the driver failed to use her turn signal. Three people were in the vehicle: A female was driving, her boyfriend Gilmore was in the front passenger seat, and a baby was in a car seat in the second row. After approaching the vehicle, one officer saw the front seat passenger moving around. Both officers noticed the smell of burnt marijuana coming from the vehicle. One officer searched the vehicle and found a firearm in the center console.

As a safety precaution, the officer who found the firearm placed Gilmore in handcuffs. He also instructed his partner to put the girlfriend in handcuffs. Gilmore asked why she was being handcuffed. When the officer disclosed that police had discovered the firearm in the vehicle, Gilmore said, "I know. It's mine." When the other officer continued to place handcuffs on the girlfriend, Gilmore protested, "She doesn't know it's in the thing. She doesn't know what's in it." Gilmore explained that he recently had received the gun from his son. The officers arrested Gilmore, but they allowed the woman and the infant to leave in the minivan.

A grand jury charged Gilmore with unlawful possession of a firearm as a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1). At trial, Gilmore's defense was that he

---

[2]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

never knew the gun was in the console. Gilmore's theory was that he admitted to owning the gun at the scene only to protect his girlfriend, because if both adults had been arrested, then the infant would have been placed in protective custody, and the minivan would have been towed to an impound lot.

At trial, during the conference on jury instructions, Gilmore objected to the court's proposed instruction on the meaning of "possession." The proposed instruction explained that "[a] person may have actual possession or constructive possession," and that "[a] person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it." *Eighth Circuit Manual of Model Jury Instructions (Criminal)* 8.02 (2017); *see also* R. Doc. 97, at 17. Gilmore asked to add a sentence: "To have this intention, a person must know they have the power to exercise dominion or control over a thing; that is, they must be aware of its existence and be able to exercise dominion and control over it." The court overruled the objection, explaining that the proposed instruction already "adequately states . . . the law in this case."

Gilmore also proposed a "theory of defense" instruction:

> The defendant, through his cross-examination of the witnesses, has raised a defense that there is reasonable doubt that the defendant knew the firearm was in the van and that there was a reasonable doubt the defendant exercised control over the firearm. If you find reasonable doubt that the defendant knew the firearm was in the van or that the defendant exercised dominion and control over the firearm, you must find him not guilty.

The court denied the request. The court allowed Gilmore to argue his defense theory, but determined that the instructions on reasonable doubt and possession already conveyed the substance of the proposed instruction.

During deliberations, the jury submitted the following question: "A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing—does that [mean] they have to have knowle[d]ge of the thing? Clarification on 'constructive' possession." Gilmore argued that the court's answer "must be an unequivocal **yes**," and proposed the following reply:

> Knowledge is required to establish constructive possession. Constructive possession requires knowledge of presence plus control. A defendant's proximity to contraband does not establish constructive possession when he is unaware of its presence. If you find that Luther Gilmore was unaware of the firearm's presence, he could not have possessed it and you must find him not guilty.

The court declined to adopt Gilmore's language. But the court did provide the following response: "The answer to the question: do 'they have to have knowledge of the thing' is: 'yes.'"

The jury found Gilmore guilty, and the court sentenced him to 71 months' imprisonment.

## II.

Gilmore first contends that the district court erred when it declined to accept his proposed amendment to the instruction defining "possession." The court's instruction on this issue—that possession can be actual or constructive, and that constructive possession exists when a person "has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons"—is an accurate statement of the law. *See United States v. Johnson*, 18 F.3d 641, 647 (8th Cir. 1994). Gilmore's proposed addition emphasized that constructive possession requires knowledge of the existence of the

-4-

thing being possessed. This statement is correct, *see United States v. Dooley*, 580 F.3d 682, 686 (8th Cir. 2009), but the jury instructions, taken as a whole, adequately conveyed it: they required proof that Gilmore "knowingly possessed a firearm." R. Doc. 97, at 15. A defendant is not entitled to a particularly worded instruction as long as the instructions fairly and adequately instruct the jurors on the applicable law. *United States v. Cornelison*, 717 F.3d 623, 628 (8th Cir. 2013).

Gilmore's argument that the court erred in its response to the jury's question fails for a similar reason. The court correctly informed the jury that constructive possession requires knowledge of the thing possessed. Gilmore's proposed reply, which emphasized that Gilmore needed to know that the firearm existed and could not be convicted based solely on proximity to the firearm, reiterated information that was already communicated adequately in the other instructions. *See United States v. Vore*, 743 F.3d 1175, 1182 (8th Cir. 2014).

Gilmore also challenges the court's denial of his theory of defense instruction. He points to the Supreme Court's statement that "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). But the instruction need not be the defendant's preferred formulation. "Even where the court declines to give an instruction on a theory of defense that is supported by the evidence, there is no error if the instructions as a whole, by adequately setting forth the law, afford counsel an opportunity to argue the defense theory and reasonably ensure that the jury appropriately considers it." *United States v. Christy*, 647 F.3d 768, 770 (8th Cir. 2011).

On this record, the court's refusal to submit the theory of defense instruction was not an abuse of discretion. Gilmore's proposed instruction explained that the government must prove that he knew the firearm was in the minivan. The final

instructions stated that the government must prove that Gilmore "knowingly" possessed the firearm. The instructions thus afforded Gilmore an opportunity to argue his defense theory and reasonably ensured that the jury would appropriately consider it.

## III.

After Gilmore was sentenced, the Supreme Court decided that in a prosecution under 18 U.S.C. § 922(g) for unlawful possession of a firearm as a prohibited person, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. Citing *Rehaif*, Gilmore asserts that the indictment and jury instructions were flawed because they did not include the element that a defendant must have known of his prohibited status. Gilmore did not raise these arguments in the district court, so we apply plain error review. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Under this standard, Gilmore must establish that there was an obvious error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The government concedes in light of *Rehaif* that there were obvious errors in the indictment and jury instructions, so we accept that proposition for the sake of analysis. *Cf. United States v. Jawher*, 950 F.3d 576, 579 n.2 (8th Cir. 2020). The government argues, however, that Gilmore cannot show that the errors affected his substantial rights or warrant correction under the fourth prong of plain error review. Gilmore stipulated at trial that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, and he successfully moved to exclude all evidence pertaining to previous prison sentences. The sentencing record identifies at least four prior felony convictions for which Gilmore served more than one year in prison, including one stint of more than six years for armed robbery.

-6-

Some recent decisions suggest that we may consider evidence outside the trial record in determining whether a defendant shows that a *Rehaif* error affected his substantial rights. *United States v. Warren*, 951 F.3d 946, 951 (8th Cir. 2020); *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020). On this view, considering the evidence at sentencing about Gilmore's criminal history, there is no reasonable probability that the outcome would have been different if the jury had been directed to consider whether Gilmore knew of his status as a felon. But assuming for the sake of analysis that plain error review should be limited to the record at trial, *see United States v. Miller*, 954 F.3d 551, 558 & n.17 (2d Cir. 2020), and assuming that the errors affected substantial rights, this is not an appropriate case to correct an error. The full record shows that the government could have offered reliable evidence of Gilmore's criminal history at trial if it had been relevant under the prevailing law. There would have been no doubt that Gilmore, after serving six years in prison for armed robbery, was aware of his status as a person convicted of an offense punishable by more than a year in prison. Under these circumstances, upholding Gilmore's conviction would not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 633-34 (2002); *Miller*, 954 F.3d at 559-60. There was no plain error warranting relief based on the indictment or jury instructions.

Gilmore also argues that there was insufficient evidence on the knowledge-of-status element to sustain the verdict. We consider the evidence in the light most favorable to the verdict and determine whether any rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Outlaw*, 946 F.3d 1015, 1017 (8th Cir. 2020); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Gilmore moved for judgment of acquittal at the close of the government's case, but he argued only that there was insufficient evidence that he knew about the firearm in the vehicle, so we review his argument on the status element for plain error. *United States v. Samuels*, 874 F.3d 1032, 1036 (8th Cir. 2017). Given the significance of a felony conviction, and the common-sense inference that a person would remember

the conviction and know about the potential punishment, there was sufficient evidence to support the verdict. *See United States v. Owens*, No. 19-1516, 2020 WL 3980243, at *5 (8th Cir. July 15, 2020). In any event, for the reasons discussed, upholding the conviction would not result in a miscarriage of justice that satisfies the fourth prong of *Olano*.

* * *

The judgment of the district court is affirmed.

_____