# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2462
_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Logwood

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: April 16, 2021
Filed: July 14, 2021
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

A federal grand jury charged Jeremy Logwood with conspiracy to distribute methamphetamine and distribution of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846. Prior to trial, Logwood filed a motion *in limine* to

exclude four videos of two controlled buys, which the district court[1] denied. At trial, Logwood asked the district court to include a theory-of-defense jury instruction, which the district court also denied. The jury found Logwood guilty of both counts, and the district court sentenced him to 180 months' imprisonment. Logwood appeals the district court's denial of his motion *in limine* to exclude the videos and the district court's refusal to include his proffered jury instruction. We affirm.

We begin by addressing Logwood's argument that the videos should have been excluded. We review a district court's decision to admit evidence for an abuse of discretion. *United States v. Dean*, 823 F.3d 422, 426 (8th Cir. 2016) (per curiam).

The evidence at issue here consists of two videos of a controlled buy from April 27, which were labeled M5 and M7, and two videos of a controlled buy from May 5, which were also labeled M5 and M7. Logwood's expert witness, Robert Gray, testified in a pretrial hearing that two of the videos—M5 from April 27 and M7 from May 5—contained dropped frames, meaning that tiny segments of the video were not recorded by the device throughout the course of the video. The dropped frames caused the audios to lag behind their respective videos. Gray also testified that the dropped frames caused the two videos from April 27, which recorded the same event, to be asynchronous with each other. When started at the same point and allowed to run for about an hour, one video showed events happening approximately fifteen seconds ahead of when the same events occurred in the other video. A similar thing happened with the two videos from May 5, only to a greater extent. When started at the same point and allowed to run at the same time, one video showed events happening approximately ten minutes ahead of when the same events occurred in the other video. But despite these issues, Gray testified that while it was theoretically possible that the videos had been manipulated, he "did not find any evidence" of manipulation. Logwood argues that this video evidence should have been excluded for two reasons. We disagree.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

First, Logwood argues that the videos should have been excluded under Federal Rule of Evidence 403 because they were unreliable. Under Rule 403, a district court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice, confusing the issues, [or] misleading the jury." Logwood does not explain what about the tapes made them unfairly prejudicial, confusing of the issues, or misleading other than by pointing out that they had dropped frames, meaning that some content was lost. But Logwood's own expert testified that the lost content was in "tiny pieces" throughout the course of the video rather than in one ten-minute or fifteen-second "chunk." Additionally, Logwood does not dispute that he was "free to address the quality . . . of the [videos] in [his] jury arguments." *See United States v. Martinez*, 951 F.2d 887, 888-89 (8th Cir. 1991) (affirming the admission of poor-quality tapes in analogous circumstances).

Second, Logwood contends that the videos were inadmissible because the devices that recorded them were incapable of recording. *See United States v. Roach*, 28 F.3d 729, 733 (8th Cir. 1994) (noting that one "foundational guideline[] for the admission of electronic tape recordings" is that "the recording device was capable of recording the events offered in evidence" (citing *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974))). But, as we have held, the capacity to record is proven by the fact that the recordings exist. *See United States v. McCowan*, 706 F.2d 863, 865 (8th Cir. 1983) (per curiam). This factor turns on whether the device can record, not whether the subsequent recording is perfect. *See id*. Because the recordings exist, the devices that recorded them were capable of recording.

For these reasons, the district court did not abuse its discretion in admitting the videos despite their imperfections.

Next, we turn to Logwood's argument that the district court should have given his proffered theory-of-defense jury instruction. We review a district court's rejection of a defendant's proposed theory-of-defense instruction for an abuse of

discretion, recognizing that district courts have broad discretion in formulating jury instructions. *See United States v. Gilmore*, 968 F.3d 883, 886-87 (8th Cir. 2020); *United States v. Thunder*, 745 F.3d 870, 873-74 (8th Cir. 2014).[2]

Logwood's proffered instruction stated his position that he did not have an agreement with anyone regarding possession or distribution of methamphetamine, that he did not deliver methamphetamine to anyone, and that the Government's witnesses were not reliable or credible due to ulterior motives. It also stated that the Government bore the burden of proof and that, if the evidence supporting Logwood's position created a reasonable doubt as to his guilt, the jury must find him not guilty.

Generally, "[d]efendants are entitled to a theory of defense instruction if it is timely requested, is supported by the evidence, and is a correct statement of the law." *Thunder*, 745 F.3d at 874. However, a district court does not abuse its discretion in refusing the defendant's proposed theory of defense "if the instructions as a whole, by adequately setting forth the law, afford counsel an opportunity to argue the defense theory and reasonably ensure that the jury appropriately considers it." *Id.*; *see also Gilmore*, 968 F.3d at 886.

Here, even assuming that Logwood's instruction was timely requested, supported by the evidence, and a correct statement of the law, the district court did not abuse its discretion by declining to include it in the jury instructions because the

---

[2]Logwood argues that we should review the district court's denial of his proposed instruction *de novo*. "We review a district court's formulation of jury instructions for an abuse of discretion, but if the court's refusal of a proffered instruction simultaneously denies a legal defense, the correct standard of review is de novo." *United States v. Glinn*, 863 F.3d 985, 988 (8th Cir. 2017) (internal quotation marks omitted). Here, because Logwood's instruction "essentially amount[s] to an assertion that he did not commit the crimes charged," Logwood has not been denied a legal defense, and therefore we review the district court's rejection of his instruction for an abuse of discretion. *See Thunder*, 745 F.3d at 873-74; *see also Gilmore*, 968 F.3d at 886-87.

instructions as a whole fairly and adequately submitted the issues to the jury. The district court properly instructed the jury on the burden of proof, the beyond-a-reasonable-doubt standard, and the importance of assessing witness credibility—including by considering each witness's motives. *See Thunder*, 745 F.3d at 874. Logwood's counsel also had the opportunity to argue to the jury Logwood's theory that he had no agreement to distribute methamphetamine, that he did not deliver methamphetamine, and that the Government's witnesses were not reliable. *See id*. Thus, the district court did not abuse its discretion when it declined to submit Logwood's proffered instruction to the jury. *See id*.

For the foregoing reasons, we affirm.[3]

_____

_____

[3]To the extent Logwood's letter to this court dated June 12, 2021 moves for appointment of new counsel and for this court to send him various files pertaining to his case, we deny that motion.