**UNITED STATES of America, Appellee,**

v.

**Wayburn D. SANDERS, Appellant.**

**No. 86–2137.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1987.

Decided Dec. 9, 1987.

John Arens, Fayetteville, Ark., for appellant.

Sandra Cherry, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge,[*] and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

[*] The Honorable Donald R. Ross was an active judge of the Eighth Circuit Court of Appeals on

**718**

HENLEY, Senior Circuit Judge.

Wayburn D. Sanders appeals from his criminal conviction and the district court's [1] denial of his motion for acquittal or in the alternative a new trial. A jury convicted him on three counts of criminal conversion in violation of 18 U.S.C. § 658 and one count of making a false statement to a government agency in violation of 18 U.S.C. § 1001. For reversal, Sanders contends that the district court erred by precluding reference at trial to Farmers' Home Administration (FmHA) regulations and certain federal court cases, and by denying his requested good faith jury instructions. We affirm.

Sanders is a farmer who lives in White County, Arkansas. In recent years he has borrowed more than a half million dollars from the government. Like many others, he fell on hard times and failed to pay a substantial balance due on his FmHA loans. In January, 1983 FmHA became the first lien holder on all of Sanders' cattle. Beginning in January, 1983 and ending in March, 1985 Sanders made fourteen separate sales of these same cattle. Also during this time period, Sanders told a FmHA county supervisor that Sanders had sold some cattle to a Mr. Suddarth for $30,-000.00. As a result of the cattle sales and the statement about the Suddarth sale, Sanders was charged with fourteen counts of conversion in violation of 18 U.S.C. § 658 and with one count of making a false statement concerning a matter within a federal agency's jurisdiction in violation of 18 U.S.C. § 1001. After a jury trial, Sanders was convicted of three counts of con-

version for three cattle sales made in 1984. In addition, with respect to the alleged Suddarth statement Sanders was convicted of violation of 18 U.S.C. § 1001. The district court sentenced Sanders to one hundred twenty days imprisonment on one count of conversion and three years of probation on the remaining three convictions. As a condition of probation, Sanders was ordered to make restitution to FmHA in the amount of $18,234.77 for sums converted.

■ Sanders claims that the district court's ruling at a pretrial motion *in limine* hearing that he could not mention the *Coleman v. Block* [2] cases or the *Coleman* related FmHA regulations severely hampered his defense. Sanders asserts that he believed the 1984 rulings in the *Coleman* cases gave him authority to sell his cattle in 1984 without permission of FmHA.[3] He asserts his misunderstanding of the *Coleman* cases relates directly to his defense of lack of intent to defraud. Intent to defraud is an essential element of a violation of 18 U.S.C. § 658. Therefore, Sanders asserts reversible error resulting from the district court's ruling.

Sanders' assertion of error, clearly stated at oral argument, was not so clearly present below. His offer of proof at the pretrial hearing did not sufficiently alert the district court to the substance of his mistake of law theory. Sanders' offer of proof appears to be directed more to FmHA's not following the procedural due process requirements of the *Coleman* cases and the state of mind of the FmHA

---

the date this case was submitted, but took senior status on June 13, 1987, before the opinion was filed.

**1.** The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas.

**2.** *Coleman v. Block*, 562 F.Supp. 1353 (D.N.D. 1983) (*Coleman I*) (order certifying statewide class and granting preliminary injunction); *Coleman v. Block*, 100 F.R.D. 705 (D.N.D.1983) (*Coleman II*) (order certifying national class); *Coleman v. Block*, 580 F.Supp. 192 (D.N.D.1983) (*Coleman III*) (order expanding injunction to national class); *Coleman v. Block*, 580 F.Supp. 194 (D.N.D.1984) (*Coleman IV*) (order granting permanent injunction); *Coleman v. Block*, 632 F.Supp. 997 (D.N.D.1986) (*Coleman V*) (order

modifying injunction); *Coleman v. Block*, 632 F.Supp. 1005 (D.N.D.1986) (*Coleman VI*) (order granting preliminary injunction).

**3.** Sanders apparently considered himself to be a member of the class in the *Coleman* cases and thus affected by the *Coleman* decisions. The *Coleman* cases, in reality, only enjoined FmHA from refusing to release FmHA's security interest in mortgaged property so that the farmer could sell the property and use the proceeds for living and operating expenses without affording that farmer some procedural due process. *See United States v. Hintzman*, 806 F.2d 840, 843–44 (8th Cir.1986).

officials. These arguments are irrelevant to Sanders' mental state.

Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice. Fed.R. Crim.P. 52; *Edwards v. Hurtel*, 724 F.2d 689, 690 (8th Cir.1984) (per curiam). We find no plain error as the record reveals that Sanders was able to present, and did present, a general good faith defense to the jury.

▮ Sanders also claims error in the district court's additional restriction precluding reference to all FmHA regulations. The district court, in granting the government's motion *in limine*, expanded the request of precluding mention of the *Coleman* related regulations at trial and precluded mention of all FmHA regulations at trial. Sanders argues that he needed to refer to general FmHA regulations to refute FmHA officials' testimony as to their procedures and actions. Because of the bar to referring to any FmHA regulations, Sanders asserts he was unable to contradict effectively his accusers as to what the correct FmHA procedures actually were in his case. The district court has wide discretion in evidentiary rulings. *Shell v. Missouri Pac. R.R. Co.*, 684 F.2d 537, 541 (8th Cir.1982). The FmHA procedures had little, if any, relevance to the conversion charges for which Sanders was convicted. The evidence reflected overwhelmingly that the sales of mortgaged cattle were made, not reported or accounted for, and the proceeds converted. We are cited no regulation which would tend to authorize or justify such conduct, and thus in the present case we find no reversible error in excluding evidence of the FmHA regulations from trial.

▮ Relatedly, Sanders contends that the district court erred by denying him a good faith instruction both with respect to the criminal conversion charge and to the charge of making a false statement to a government agency. He argues that good faith is a complete defense to crimes of intent.[4] Consequently, he asserts that even though the district court charged the jury with instructions of willfulness, intent, and other elements, it is reversible error to fail to direct the jury's attention with sufficient specificity to the defense of good faith.

It is true that a defendant is entitled to a jury instruction if the request is timely, the evidence supports the instructions, and the proffered instruction correctly states the law. *United States v. Casperson*, 773 F.2d 216, 223 (8th Cir.1985). However, "as long as the entire charge fairly and adequately contains the law applicable to the case, the judgment will not be disturbed on appeal." *Board of Water Works Trustees v. Alvord, Burdick & Howson*, 706 F.2d 820, 823 (8th Cir.1983) (citations omitted). Further, a district court has wide discretion in formulating jury instructions. *United States v. Reda*, 765 F.2d 715, 719 (8th Cir.1985). It is sufficient that the jury was given instructions regarding the need to find specific intent to defraud in order to find the defendant guilty of criminal conversion. *See United States v. Lisko*, 747 F.2d 1234, 1237–38 (8th Cir.1984). Moreover, the instructions Sanders requested, as he concedes, did not cover all charges of the indictment. We have read in detail the instructions given and find that as a whole they fairly and adequately contain the law applicable to the charges against Sanders. Thus, we find no error in refusal of Sanders' good faith instruction.

It is unfortunate that the FmHA apparently loaned Sanders more money than he

---

4. Violation of 18 U.S.C. § 658 requires an intent to defraud and violation of 18 U.S.C. § 1001 requires an intent to deceive. Section 658 provides for fines and imprisonments for "[w]hoever, with intent to defraud, knowingly conceals, removes, disposes of, or converts to his own use or that of another, any property mortgaged or pledged to, or held by, ... the Secretary of Agriculture acting through the Farmer's Home Administration...." Section 1001 provides for fines and imprisonments for "knowingly and willfully" making any false, fraudulent statements or representations in a matter within the jurisdiction of any department or agency of the United States.

either could manage or repay. It is perhaps equally unfortunate that Sanders now seems to feel that he has been mistreated by his government. Be that as it may, the evidence of his guilt on the indictment as a whole was overwhelming, and Sanders may take comfort in the forgiving nature of a jury that convicted him of only four counts and in the compassion of a sentencing judge who sentenced him to serve only one hundred twenty days.

The judgments of conviction and denial of the motion for judgment, or for new trial, are in all respects affirmed.