# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-1928

_____

United States of America,          \*
                                         \*

          Appellee,         \*
                                         \*

          v.                \*
                                         \*

Tina Leigh Brown,             \*
                                         \*

          Appellant.       \*

_____

Nos. 06-2091

_____

Appeals from the United States
District Court for the Eastern
District of Arkansas.

United States of America,          \*
                                         \*

          Appellee,         \*
                                         \*

          v.                \*
                                         \*

Shanna Carol Moore,          \*
                                         \*

          Appellant.       \*

_____

Submitted: January 8, 2007
Filed:  February 26, 2007

_____

Before WOLLMAN, BEAM, and MELLOY, Circuit Judges.

_____

BEAM, Circuit Judge.

Tina Brown and Shanna Moore appeal their convictions for wire fraud and conspiracy. In this appeal, the sole issue is whether the district court[1] erred by refusing to give a good-faith jury instruction. We affirm.

## I. BACKGROUND

Brown and Moore ran a mortgage broker business called Guaranty Lending in Bryant, Arkansas. Mortgage brokers help (some) prospective home buyers obtain funding for home purchases. The mortgage broker obtains the loan application, assists with the loan contract, obtains the buyer's credit history and employment documentation, and ascertains whether the buyer has adequate funds for the down payment. The mortgage broker transmits all of these documents in an application package to the prospective lending institution.

The government charged Brown, Moore and others for their alleged participation in a scheme to defraud lenders by submitting false information in order to get the institutions to lend more money than homes were worth. To accomplish this, Guaranty Lending submitted application packages to lenders that contained false and forged documents.

At trial, co-defendants (associates who funneled business to Guaranty Lending), who had entered pleas of guilty to similar charges, testified that Brown and Moore involved themselves in the scheme by helping these associates forge and create support documents for the loan packages and directing them to falsify qualifying information on the applications. A Guaranty Lending employee also testified that Brown and Moore had asked her to forge documents and create false documents for

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

the application packages. Brown and Moore's defense at trial was that they did not know that any of this wrongful conduct was occurring. They stated that employees or associates who testified to the contrary were lying. Brown and Moore also asserted that the lending companies were under an independent obligation to verify the truthfulness of the loan applications, shielding Brown and Moore from liability for any damage that occurred to the lenders as a result of false information.

At the close of the evidence, Brown and Moore requested a good-faith jury instruction. The government objected, arguing that the proposed instruction misstated the law, and that Brown and Moore had not relied upon a good-faith defense at trial. The district court agreed with this latter point and declined to give the instruction. The district court also decided that the proposed instruction was unnecessary in light of the remainder of the instructions, which instructed the jury that in order to return a guilty verdict, it had to find that Brown and Moore knowingly adopted the fabricated material or prepared it themselves.

Brown and Moore were convicted of conspiracy to commit wire fraud, as well as several counts of wire fraud. They were each sentenced to eighteen-months' imprisonment, and a joint and several restitution order for just under $500,000. On appeal, Brown and Moore challenge the district court's denial of their proffered good-faith instruction.

## II.    DISCUSSION

We generally review the district court's jury instructions, and its decisions about whether or not to give proffered instructions, for an abuse of discretion. United States v. Gladney, No. 06-1785, 2007 WL 284328, at *4 (8th Cir. Feb. 2, 2007); United States v. Ervasti,  201 F.3d 1029, 1041 (8th Cir. 2000) (reviewing a district court's refusal to give a good-faith instruction for an abuse of discretion).

Brown and Moore requested the following instruction:

One of the issues in this case is whether defendants acted in good faith. Good faith is a complete defense to the charges of conspiracy and wire fraud if it is inconsistent with a willful criminal intent to defraud, which is an essential element of the charge.

Evidence that defendant acted in good faith may be considered by you, together with all the other evidence, in determining whether or not the defendants acted with a willful criminal intent to defraud.

The district court declined to give this instruction. However, the district court did instruct the jury that defendants had to act intentionally to join and participate in the conspiracy, that they must have voluntarily devised a scheme with the intent to defraud the lenders, and that to be convicted of wire fraud, the defendants had to act "knowingly and with the intent to deceive." In other words, the jury was instructed on more than one occasion that defendants had to have acted "knowingly, voluntarily, and intentionally" in order to be found guilty of both the conspiracy and the wire fraud counts.

Jury instructions are acceptable if, taken as a whole, they adequately apprise the jury of the essential elements of the offenses charged and the burden of proof required of the government. United States v. Rice, 449 F.3d 887, 895 (8th Cir.), cert. denied, 127 S. Ct. 601 (2006). We find that the district court's instructions adequately advised the jury of the elements of the offenses, the government's burden, and even the defendants' theory of defense, albeit without the actual words "good faith." United States v. Sanders, 834 F.2d 717 (8th Cir. 1987), is nearly indistinguishable. In it, Sanders proffered, but was denied, a good-faith jury instruction in his trial for criminal conversion and making a false statement to a federal agency. Sanders argued that because he was accused of specific intent crimes, it was error for the district court to refuse to "direct the jury's attention with sufficient specificity" to the good-faith

defense, even though the court had correctly instructed the jury on willfulness, intent and the remaining elements of the crimes. Id. at 719. We disagreed, holding that the trial court did not err in denying the proffered instruction because the court had sufficiently instructed the jury that it must have found specific intent to defraud in order to convict. Id. Similarly, the district court's instructions in this case amply described the specific intent necessary for Brown and Moore to be convicted of conspiracy to commit wire fraud and wire fraud.

Brown and Moore cite United States v. Casperson, 773 F.2d 216 (8th Cir. 1985), in support of their arguments. In it, we found that the trial court's specific intent instruction was not sufficient to cover the substance of the defendants' good-faith defense, and that the trial court erred in refusing to give the proffered good-faith instruction. Id. at 223. Casperson is distinguishable because we find that in this case, the instructions given adequately covered the same ground that any good-faith instruction would have covered.

"The essence of a good-faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent." United States v. Sherer, 653 F.2d 334, 338 (8th Cir. 1981). Based on the instructions given in this case and the resulting jury verdict, the jury necessarily found that Brown and Moore did not act with honest intentions in their transactions with the lenders. The instructions given adequately insured that the jury appropriately considered this issue. Accordingly, we find that the district court did not err in refusing to give the proffered good-faith instruction.

III. CONCLUSION

We affirm the district court.

_____