# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3527

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Richard Lee Christy, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 12, 2011
Filed: August 1, 2011

_____

Before MURPHY and COLLOTON, Circuit Judges, and ERICKSON,[1] District
Judge.

_____

COLLOTON, Circuit Judge.

A jury found Richard Christy guilty of unlawful possession of firearms as a
previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[2]
sentenced Christy to 204 months' imprisonment. Christy appeals his conviction,

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court
for the District of North Dakota, sitting by designation.

[2]The Honorable Ronald E. Longstaff, United States District Judge for the
Southern District of Iowa.

arguing that the district court erred by not submitting his proposed alibi instruction to the jury. We affirm.

I.

A grand jury returned a one-count indictment charging Christy with unlawful possession of firearms as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). Christy pled not guilty and proceeded to trial. At trial, the government presented evidence that on the evening of July 22, 2009, Christy, along with James Wulff, confronted Richard Babcock in an alley in Ottumwa, Iowa. Babcock testified that Christy offered to sell him firearms. According to Babcock, although he told Christy and Wulff that he was not interested, Wulff placed multiple firearms inside Babcock's nearby van. Babcock testified that Christy showed him another firearm, but Christy said he intended to keep it. Babcock later reported this incident to law enforcement.

Christy advanced an alibi defense based on testimony of two friends with whom he was living at the time. The housemates testified that Christy had accompanied them to two bars during the evening of July 22. According to their testimony, the three returned home together between 11:30 p.m. and 12:30 a.m., well after the time Babcock that claimed Christy and Wulff approached him in the alley.

In his proposed jury instructions, Christy included a proposed alibi instruction, which conformed to Eighth Circuit Model Criminal Jury Instruction 9.07: "One of the issues in this case is whether the defendant was present at the time and place of the alleged crime. If, after considering all the evidence, you have a reasonable doubt that the defendant was present, then you must find him not guilty." These "model" instructions, it must be noted, "have not been approved en masse by our court," and are approved "only as they are individually litigated and upheld by this court on a

-2-

case-by-case basis." *United States v. Ali*, 63 F.3d 710, 714 n.3 (8th Cir. 1995). The district court declined to give the proposed instruction and stated:

> We're going to have to give you an alibi instruction, but you wanted an alibi argument in my instructions, and I didn't think that was appropriate, so I did not give one, and I don't think it's prejudicial anyway. Certainly if it is the heart of this case I am sure it will be argued.

The court did not include an alibi instruction in the final instructions. During final arguments, both counsel addressed the validity of Christy's alibi. The jury returned a verdict of guilty. The court, after observing that the evidence supported the verdict but that the jury was presented with "a very close question," sentenced Christy to 204 months' imprisonment.

Christy appeals on the ground that the district court erred by not giving the requested instruction. When a party timely requests a specific jury instruction and makes a proper objection to its omission, we review the district court's action for abuse of discretion. *United States v. Brown*, 478 F.3d 926, 927 (8th Cir. 2007).

II.

This court has said in many cases that "[a] criminal defendant is entitled to a theory-of-defense instruction that is timely requested, correctly states the law, and is supported by the evidence." *United States v. Serrano-Lopez*, 366 F.3d 628, 636 (8th Cir. 2004). The Supreme Court likewise declared that "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988) (citing *Stevenson v. United States*, 162 U.S. 313 (1896)).

The foundation for this oft-stated proposition, however, is not always well explained. The Supreme Court in *Mathews* did not ground its holding in the Constitution, *id.* at 66; *see also id.* at 69 (White, J., dissenting), and apparently relied instead on a supervisory power over federal criminal cases. *See Jackson v. Mullin*, 46 F. App'x 605, 609 n.1 (10th Cir. 2002); *cf. Tyler v. Wyrick*, 635 F.2d 752, 753 (8th Cir. 1980) (per curiam). The rationale offered in our cases is that a theory-of-defense instruction "is a legitimate response to the indictment which is usually read with the instructions," *United States v. Brown*, 540 F.2d 364, 381 (8th Cir. 1976), and the defendant should be allowed not just "a mere general or abstract charge," but "a specific instruction on his theory of the case," *Apel v. United States*, 247 F.2d 277, 282 (8th Cir. 1957) (internal quotation omitted), that "direct[s] the jury's attention" to consider the defense. *United States v. Casperson*, 773 F.2d 216, 223 (8th Cir. 1985); *see also United States v. Barham*, 595 F.2d 231, 244 (5th Cir. 1979) ("[T]he instructions must be sufficiently precise and specific to enable the jury to recognize and understand the defense theory, test it against the evidence presented at trial, and then make a definitive decision whether, based on that evidence and in light of the defense theory, the defendant is guilty or not guilty.").

The entitlement to a theory-of-defense instruction, however, is only a "general proposition." *Mathews*, 485 U.S. at 63. The defendant is not entitled to a particularly worded instruction, *United States v. Bartlett*, 856 F.2d 1071, 1082 (8th Cir. 1988), or to "a judicial narrative of his version of the facts, even though such a narrative is, in one sense of the phrase, a 'theory of the defense.'" *Barham*, 595 F.2d at 244. Even where the court declines to give an instruction on a theory of defense that is supported by the evidence, there is no error if the instructions as a whole, by adequately setting forth the law, afford counsel an opportunity to argue the defense theory and reasonably ensure that the jury appropriately considers it. *Brown*, 478 F.3d at 928; *Serrano-Lopez*, 366 F.3d at 637; *United States v. Sanders*, 834 F.2d 717, 719 (8th Cir. 1987); *Brown*, 540 F.2d at 380-81.

-4-

Measured against this standard, the district court's refusal to submit the proffered instruction was not error. The requested two-sentence alibi instruction added virtually nothing to the instructions already given. This was a straightforward case. The jury heard from a prosecution witness that Christy possessed firearms in the alley on the evening of July 22, 2009, while defense witnesses testified that Christy was with them at a bar on that evening. The court instructed the jurors that one element of the offense was that "[o]n or about July 22, 2009, the defendant . . . knowingly possessed one or more firearms," and told them that "the government must prove [the] essential elements beyond a reasonable doubt; otherwise you must find the defendant not guilty of the crime charged." Elsewhere, the court instructed that "[t]he presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each essential element of the crime charged." No specific instruction was necessary to alert the jury that "[o]ne of the issues in this case is whether the defendant was present at the time and place of the alleged crime," or that the jurors must find Christy not guilty if they had a reasonable doubt about whether he was present.

In support of his argument, Christy cites authorities indicating that it is error for a court to refuse a *different* alibi instruction when it is timely requested by a defendant and supported by the evidence. In *United States v. Burse*, 531 F.2d 1151 (2d Cir. 1976), the court reversed a conviction after the district court refused to give an instruction to the effect that, "even if [the defendant's] alibi witnesses were disbelieved, the burden of proof remained with the government." *Id*. at 1152. The court reasoned that "where an alibi defense is presented, there exists the danger that the failure to prove that defense will be taken by the jury as a sign of the defendant's guilt," and concluded that only a specific instruction on that point can ensure that the jury will understand that the burden of proof remains with the government. *Id*. at 1153. This court in *United States v. Webster*, 769 F.2d 487 (8th Cir. 1985), implied that it was error for a court to refuse a similar instruction, but ultimately held that the

error was harmless.  *Id.* at 490-91.  In *Webster*, the requested instruction, drawn from Devitt & Blackmar, provided in part that "[t]he jury will bear in mind the government's burden of establishing the involvement of the defendant, and all other essential elements of the offense as defined in these instructions, by proof beyond a reasonable doubt."  1 Edward J. Devitt & Charles B. Blackmar, Federal Jury Practice and Instructions § 13.08 (3d ed. 1977), *cited in Webster*, 769 F.2d at 490.  The commentary to this instruction explains that the quoted sentence was intended "to make it clear that the government's burden remains, even though the jury might not accept the testimony of the alibi witnesses."  *Id.*[3]

Christy never requested in the district court an instruction comparable to those at issue in *Burse* and *Webster*, and he does not argue on appeal that the district court should have given such an instruction *sua sponte*.  Under these circumstances, it was not an obvious error for the district court to omit a particular alibi instruction that was

---

[3]The complete instruction requested in *Webster* read as follows:

> Evidence has been introduced tending to establish an alibi, which amounts to a contention that the defendant was not present at the time when or at the place where he is alleged to have committed the offense charged in the indictment.

> If, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged offense was committed, you must acquit him.

> The jury will bear in mind the government's burden of establishing the involvement of the defendant, and all other essential elements of the offense as defined in these instructions, by proof beyond a reasonable doubt.

Devitt & Blackmar, *supra*, § 13.08.

never requested, *see Apel*, 247 F.2d at 282; *cf. Burse*, 531 F.2d at 1153, and it is not a miscarriage of justice for this court to address only the particular instruction urged by Christy. *See United States v. Kent*, 531 F.3d 642, 656 (8th Cir. 2008).

The judgment of the district court is affirmed.

_____