# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3630
_____

United States of America,

*Plaintiff - Appellee,*

v.

Warren E. Franklin, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 14, 2020
Filed: June 3, 2020

_____

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Warren Franklin was convicted of drug trafficking and firearms offenses after a jury trial and sentenced to prison. He appeals his convictions on the ground that the

district court[1] should have used a jury instruction that he requested. The proposed instruction would have stated that his "mere presence" in a location where a firearm and drugs were found is not sufficient to prove that he knowingly possessed the firearm and drugs. We conclude that the district court's instructions adequately covered the substance of Franklin's proposal, so we affirm the judgment.

The prosecution arose from an incident in downtown Kansas City during July 2017. Police officers stopped a sport utility vehicle in which Franklin was the driver and sole occupant. They smelled marijuana and directed Franklin to exit the car. Franklin got out, but then fled the scene, and officers eventually caught and arrested him. When asked why he ran, Franklin answered, "I knew I was going to jail, so I thought I would give it a shot."

Officers then found a small bag of marijuana and a small clear vial of phencyclidine (PCP) in the center console of the vehicle. They also seized a wallet in the glove box that contained identification cards for Franklin. On the floor behind the center console, within arm's reach of the driver's seat, officers discovered a backpack containing a loaded firearm, cocaine base, heroin, and drug paraphernalia. The officers seized the keys in the vehicle's ignition, and they recovered a second set of keys to the car and three cell phones from Franklin's person. The vehicle was registered to an "Al Sterling," who did not live at the address listed on the registration. Investigators searched several databases but could not find a driver's license for "Al Sterling." R. Doc. 108, at 23-24.

A grand jury charged Franklin with several offenses relating to guns and drugs: three counts of possession of a controlled substance with the intent to distribute, *see* 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i), and one count of unlawful possession of a firearm as a previously convicted felon, *see* 18 U.S.C. § 922(g)(1). The case proceeded to trial, and Franklin's defense was that the government failed to prove that he knew about the firearm and drugs inside the backpack in the vehicle.

During the trial, at the conference on jury instructions, Franklin objected to the district court's refusal to give a "mere presence" instruction that read as follows:

> The mere presence of the defendant in a location where a firearm and controlled substances were found is not sufficient to establish beyond a reasonable doubt that the defendant knowingly possessed the firearm and controlled substances as charged in the indictment.

R. Doc. 38, at 6; R. Doc. 108, at 7. The district court explained that the requested instruction was "not necessary, given all of the other instructions that are given with respect to burden of proof, the elements of the offense, the definition of possession, and a variety of other instructions." R. Doc. 108, at 6. After overruling Franklin's objection, the court observed that "the instructions still permit you to make the argument regarding mere presence." *Id*. at 8. We review a district court's denial of a proposed jury instruction for abuse of discretion. *See United States v. Solis*, 915 F.3d 1172, 1178 (8th Cir. 2019) (per curiam).

Jury instructions are sufficient if they fairly and adequately submit the issues to the jury. *United States v. Juhic*, 954 F.3d 1084, 1088 (8th Cir. 2020). A defendant is not entitled to a particularly worded instruction on his theory of defense, but he should be given an avenue to present his contention. *United States v. Christy*, 647 F.3d 768, 770 (8th Cir. 2011). A charge to the jury is sufficient "if the instructions as a whole, by adequately setting forth the law, afford counsel an opportunity to argue the defense theory and reasonably ensure that the jury appropriately considers it." *Id.*

Franklin complains that without his "mere presence" instruction, the final instructions permitted the jury to find that he constructively possessed the drugs and firearm based solely on his proximity to the backpack in the vehicle. The government disputes whether a "mere presence" theory of defense was even supported by the evidence, but we conclude in any event that the court's instructions allowed for the defense, and there was no error.

The final instructions adequately conveyed that more than mere presence was required to convict Franklin. The instructions on the drug trafficking charges required the government to prove that "the defendant *knew* that he was in possession of" and "intended to distribute" a controlled substance. R. Doc. 90, at 23-25 (emphasis added). The instructions on the firearms offenses required proof that Franklin "*knowingly* possessed a firearm." *Id*. at 26-27 (emphasis added). The jury thus could not convict based solely on Franklin's proximity to the gun and drugs; they were required to find that Franklin *knew* that the items were in the backpack.

The court went further in its instruction on possession by explaining that a person is in "constructive possession" of a thing if he "has both the power and the intention at a given time to exercise dominion or control over a thing." *Id*. at 29. As we said in a prior decision concerning a mere-presence defense, the "unmistakable implication" of the court's instruction on constructive possession "is that something more than mere presence was required in order to convict." *United States v. Vore*, 743 F.3d 1175, 1182 (8th Cir. 2014). Therefore, Franklin's proposed mere presence instruction would have been largely duplicative, and the instructions as a whole already conveyed that the government must prove more than proximity to the gun and drugs in order to convict. The district court did not abuse its discretion.

The judgment of the district court is affirmed. Franklin's motion for leave to file a *pro se* brief is denied. *United States v. Robertson*, 883 F.3d 1080, 1087 (8th Cir. 2018).

_____