# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2842
_____

United States of America

*Plaintiff - Appellee*

v.

Henry N. Asomani

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 15, 2021
Filed: August 4, 2021

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A federal grand jury indicted Henry N. Asomani on one count of conspiracy to commit wire fraud, two counts of wire fraud, one count of conspiracy to launder money, and two counts of money laundering. *See* 18 U.S.C. §§ 1343, 1349, 1956(h), 1957. The indictment also sought forfeiture of property Asomani obtained as a result of the wire fraud. *See* 18 U.S.C. § 981(a)(1)(C). At trial, Asomani proposed a jury instruction outlining a good-faith defense to the crime of wire fraud, but the district

court[1] declined to include it among the final jury instructions.  The jury convicted Asomani of all six counts, and the district court sentenced him to 120 months' imprisonment.  The Government sought an order of forfeiture in the amount of $381,339 under § 981(a)(1)(C), which the district court granted, even though during trial a Government witness had testified that she was unsure how Asomani spent $91,586 of that amount.  Asomani appeals, claiming that the district court erroneously denied his good-faith instruction and ordered that he forfeit the $91,586 without any proof that it was used for his personal benefit.[2]  We affirm.

First, we address Asomani's argument that the district court erred by failing to give his good-faith-defense instruction.  Before reaching the merits, we resolve a dispute between the parties about the correct standard of review.

Ordinarily, "[w]e review a district court's formulation of jury instructions for an abuse of discretion, but if the court's refusal of a proffered instruction simultaneously denies a legal defense, the correct standard of review is de novo." *United States v. Glinn*, 863 F.3d 985, 988 (8th Cir. 2017) (internal quotation marks omitted).  Asomani claims that he is entitled to a *de novo* standard of review because good faith is a defense to fraud and the district court's refusal to submit his proffered instruction denied him that legal defense.  The Government asserts that Asomani is entitled only to abuse-of-discretion review because the district court's rejection of Asomani's proffered instruction did not deny him a good-faith defense.  We agree with the Government.

The jury instructions stated that, for the jury to find Asomani guilty of wire fraud, it had to find that he "voluntarily and intentionally devised or participated in a scheme to obtain money or property by means of material false representations or

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

[2]Originally, Asomani also appealed the district court's restitution award, but he later withdrew this argument.  Thus, we do not review it.

promises." The district court's refusal of Asomani's good-faith instruction did not deprive him of the good-faith defense because he was still able to argue that, because he acted in good faith, the Government did not prove the intent element of the offense. *See United States v. King*, 898 F.3d 797, 807-08 (8th Cir. 2018) (reviewing for an abuse of discretion a district court's denial of a good-faith jury instruction when "the instructions as a whole described the specific intent necessary to commit the crime" and therefore "cover[ed] the same ground [as] the good faith instruction").

This case is distinguishable from Asomani's cited case, *United States v. Young*, in which we reviewed *de novo* a district court's denial of a defendant's proffered instructions explaining the affirmative defenses of entrapment and abandonment. *See* 613 F.3d 735, 743-44 (8th Cir. 2010). Because the defenses at issue in *Young* were affirmative defenses, the defense instructions there were aimed at something other than negating an element of the offense. *See* "Affirmative Defense," *Black's Law Dictionary* (11th ed. 2019) (defining "affirmative defense" as "[a] defendant's assertion of facts and arguments that, if true, will defeat the . . . prosecution's claim, even if all the allegations in the complaint are true"). Thus, we review the district court's refusal to give Asomani's proffered instruction for an abuse of discretion. *See King*, 898 F.3d at 807-08 (reviewing a rejection of a defendant's good-faith-defense instruction for an abuse of discretion); *United States v. Anderson*, 533 F.3d 623, 631-32 (8th Cir. 2008) (same); *United States v. Brown*, 478 F.3d 926, 927-28 (8th Cir. 2007) (same).

Proceeding to the merits of this argument, we conclude that the district court did not abuse its discretion by refusing to give Asomani's good-faith instruction. Generally, "[a] defendant is entitled to a specific jury instruction that conveys the substance of his request if his request is timely, . . . is supported by the evidence in the case, and is a correct statement of the law." *King*, 898 F.3d at 807. But a district court does not abuse its discretion in refusing a defendant's proposed instruction "if the instructions as a whole, by adequately setting forth the law, afford counsel an opportunity to argue the defense theory and reasonably ensure that the jury

appropriately considers it." *United States v. Gilmore*, 968 F.3d 883, 886 (8th Cir. 2020).

Here, even assuming that Asomani's instruction was timely requested, supported by the evidence, and a correct statement of the law, the district court did not abuse its discretion by omitting it from the jury instructions because the instructions as a whole adequately submitted the issues to the jury by properly instructing the jury on the intent element of wire fraud. *See Brown*, 478 F.3d at 928 (holding that the district court did not abuse its discretion when it denied the defendants a specific good-faith jury instruction because the instructions given "amply described the specific intent necessary for [the defendants] to be convicted of conspiracy to commit wire fraud"); *United States v. Sanders*, 834 F.2d 717, 719 (8th Cir. 1987) (same). "The essence of a good-faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent." *Brown*, 478 F.3d at 928. "Based on the instructions given in this case and the resulting jury verdict, the jury necessarily found that [Asomani] did not act with honest intentions in [his] transactions . . . ." *Id.* Thus, the district court did not abuse its discretion in refusing Asomani's good-faith instruction.

Asomani claims that we must come to the opposite conclusion because *Brown* and *Sanders* conflict with our prior decision in *United States v. Casperson*, 773 F.2d 216 (8th Cir. 1985), and we should follow *Casperson*. *See Degnan v. Burwell*, 765 F.3d 805, 809 n.6 (8th Cir. 2014) (explaining that, "when faced with conflicting panel opinions, the earliest opinion must be followed as it should have controlled the subsequent panels that created the conflict" (quoting *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc))). We disagree with Asomani that *Casperson* conflicts with *Brown* and *Sanders*. *Casperson* itself noted that it was "well-established that defendants are not entitled to a particularly worded instruction when the instructions actually given by the trial court adequately and correctly cover the substance of the requested instruction." 773 F.2d at 223. As the *Brown* panel explained, *Casperson* simply "found that the trial court's specific intent instruction was not sufficient to cover the substance of the defendants' good-faith defense."

-4-

*Brown*, 478 F.3d at 928. *Casperson* thus does not compel us to hold that a district court abuses its discretion by refusing a proffered good-faith instruction even if, as here, "the instructions given adequately covered the same ground that any good-faith instruction would have covered." *Id.*

Even if *Brown* and *Sanders* conflicted with our earlier-in-time decision in *Casperson*, Asomani's argument would fail because the principle upon which *Brown* and *Sanders* relied predates *Casperson*. For instance, in *United States v. Nance*, we affirmed the district court's rejection of the defendants' good-faith instruction because the jury instructions contained a *mens rea* requirement that made "clear that good faith would be an absolute defense to the crime." 502 F.2d 615, 619-20 (8th Cir. 1974).

Asomani also argues that the Supreme Court's decision in *United States v. Mathews* requires a district court to give a good-faith defense instruction even if a *mens rea* instruction fairly covers the substance of the good-faith defense. *See* 485 U.S. 58 (1988). *Mathews* states that, "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Id.* at 63. But we have held that *Mathews* does not require that "the instruction . . . be the defendant's preferred formulation" and that "there is no error if the instructions as a whole, by adequately setting forth the law, afford counsel an opportunity to argue the defense theory and reasonably ensure that the jury appropriately considers it." *Gilmore*, 968 F.3d at 886. That is, where, as here, the defendant's proposed instruction "reiterate[s] information . . . already communicated adequately in the other instructions," the district court does not abuse its discretion in rejecting it. *Id*. at 886-87.[3]

---

[3]Asomani also argues that because there is an Eighth Circuit Model Jury Instruction for the good-faith defense, it must be the case that a good-faith instruction is required where, as here, the evidence supports it, it is timely requested, and it is a correct statement of the law. We disagree. "The model jury instructions are not promulgated by this court. Unless mandated by this court in a decision, they . . . are

Next, Asomani argues that the district court erred by including $91,586 of "miscellaneous" expenditures from Asomani's bank account in its forfeiture order because the Government admitted that it did not know whether the expenditures were used for Asomani's "personal benefit." We "review the district court's factual findings for clear error but apply a de novo standard of review to . . . whether or not those facts render [an asset] subject to forfeiture." *United States v. Peithman*, 917 F.3d 635, 651 (8th Cir. 2019). Before the district court, "[t]he government bears the burden of proving by a preponderance of the evidence the amount of the proceeds" subject to forfeiture. *Id.*

Under § 981(a)(1)(C), which provided the basis for the district court's forfeiture order, "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [§ 1343] of this title . . . or a conspiracy to commit such offense" is subject to forfeiture. *See* §§ 981(a)(1)(C), 1956(c)(7)(A), 1961(1). As relevant here, "proceeds" is defined as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." § 981(a)(2)(A).

Asomani claims that the Supreme Court's holding in *Honeycutt v. United States* limits forfeiture to "property the defendant himself obtained," and he argues that he did not "obtain" the $91,586 because the Government's witness was unsure whether that amount was used for Asomani's "personal benefit." *See* 581 U.S. ---, 137 S. Ct. 1626 (2017). We initially note that "the reasoning of *Honeycutt* is not applicable to forfeitures under 18 U.S.C. § 981(a)(1)(C)." *Peithman*, 917 F.3d at 652. But in any event, Asomani's argument overreads *Honeycutt*. In *Honeycutt*, the Court considered whether, under a different forfeiture statute, a defendant could be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire. *Id.* at 1630-33 (discussing 21

---

not binding on the district courts." *United States v. Owens*, 966 F.3d 700, 705 (8th Cir. 2020) (internal quotation marks omitted).

U.S.C. § 853(a)(1)). Section 853(a)(1) mandates forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" certain crimes. The Court reasoned that, "[a]t the time Congress enacted § 853(a)(1), the verb 'obtain' was defined as 'to come into possession of' or to 'get or acquire.'" *Honeycutt*, 137 S. Ct. at 1632. Thus, the Court concluded that a defendant could not be held jointly and severally liable for property obtained by a coconspirator that the defendant had never used or acquired. *Id*. at 1632-33.

This case is not like *Honeycutt*, in which the defendant never acquired the forfeited property. *See id*. at 1635. Here, Asomani acquired the $91,586 because it was in his bank account. Whether Asomani went on to use this money for his "personal benefit" is irrelevant, as this is not required by *Honeycutt* or by § 981(a)(1)(C), (a)(2)(A). Thus, the district court did not err in ordering Asomani to forfeit the $91,586.

For the foregoing reasons, we affirm.[4]

———————————————

———————————————

[4]The Government filed a motion requesting that we use victims' initials in this opinion. As this opinion does not name any of the victims, we deny the motion as moot.