# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2682
_____

United States of America

*Plaintiff - Appellee*

v.

Clarence Yellow Hawk, also known as Robert Pullian, also known as Clarence Yellow Elk

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: October 21, 2021
Filed: March 25, 2022
[Unpublished]
_____

Before LOKEN, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

A jury convicted Clarence Yellow Hawk of first-degree murder and aiding and abetting first-degree murder, violations of 18 U.S.C. §§ 1111, 2, and 1153, for shooting and killing Christopher Janis near Sharps Corner, in Indian Country in the District of South Dakota. Yellow Hawk admitted at trial to having killed Janis, but

argued that he had acted in defense of himself or others and was thus not guilty of murder. Yellow Hawk argues that the district court[1] erred by refusing to submit the instruction containing the specific language that he had requested and by allowing the government to make improper statements during its closing argument. We affirm.

Yellow Hawk requested that the district court include an instruction on mistake of fact, arguing in his brief to and at oral argument before the district court that the instruction was necessary to his defense. Specifically, Yellow Hawk's trial brief claimed that it was crucial to his strategy to be able to argue that "the subjective belief of a defendant as to a fact, even though his belief as to that fact was mistaken, may negate intent to commit a crime if that belief was reasonable to that defendant under the circumstances." Yellow Hawk reiterated during the jury instruction settlement conference that the evidence showed that he had "reasonably believed" that Janis was engaged in assault or attempted assault and that he thus "had a right to act in self-defense." Although the proposed instruction included a paragraph on a genuinely held, but unreasonable, mistake of fact, Yellow Hawk did not argue in his trial brief or during the settlement conference that he intended to advance a defense based on

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

an unreasonable mistake of fact.[2]  Yellow Hawk requested, and the district court included, the following self-defense instruction:

> If a person reasonably believes that force is necessary to protect himself or another person from what he reasonably believes to be unlawful physical harm about to be inflicted by another and he uses such force, then he acted in defense of himself or others.

In his closing argument, Yellow Hawk's counsel argued that the jury was required to decide "whether it was reasonable" for Yellow Hawk to believe Janis posed a lethal threat, not "whether he was right" about that belief.  He compared Yellow Hawk's situation to that of a police officer who lethally shoots a suspect who he reasonably believes to be holding a gun, when the suspect was in fact holding a cell phone.

We review the district court's denial of proposed jury instructions for abuse of discretion.  United States v. Franklin, 960 F.3d 1070, 1072 (8th Cir. 2020). "We will affirm jury instructions that, when 'taken as a whole, fairly and adequately submitted the issues to the jury.'" United States v. Juhic, 954 F.3d 1084, 1088 (8th Cir. 2020) (quoting United States v. Parker, 871 F.3d 590, 604 (8th Cir. 2017)).  A defendant is

---

[2]Yellow Hawk's proposed instruction stated:

An act committed under an ignorance of or mistake of fact which disproves any criminal intent is not a crime.

Where a person in good faith believes in the existence of certain facts, and acts with reference to such believed facts in a manner which would be lawful if the facts were really as he believes them to be, he is not guilty of a crime, although his act is such that, if committed or made by one who knew the true facts, it would constitute a criminal offense.

A genuinely held mistake of fact may negate a required mental intent to commit a crime, even though such belief was unreasonable as measured by the objective standard of a hypothetical reasonable person.

generally entitled to instructions that articulate his theory of the case, provided that he has introduced sufficient evidence at trial to support the theory and the requested instruction sets forth a proper statement of the law.[3] United States v. Iron Eyes, 367 F.3d 781, 784 (8th Cir. 2004). Jury instructions are sufficient so long as they allow a defendant to argue his desired theory and "reasonably ensure that the jury appropriately considers it." United States v. Christy, 647 F.3d 768, 770 (8th Cir. 2011).

Yellow Hawk argues that the district court erred by not giving his requested mistake-of-fact instruction. He claims that he had intended to rely on an unreasonable mistake-of-fact defense, in addition to the reasonable mistake-of-fact theory that he articulated at trial. Although his lengthy proposed instruction mentioned unreasonable mistake, his counsel did not inform the district court during the trial that he intended to rely upon an unreasonable mistake-of-fact theory of self defense. He instead repeatedly stated that he intended to establish that Yellow Hawk had acted under a reasonable mistake of fact. We conclude that the district court's self-defense instruction adequately enabled Yellow Hawk to argue the theory that he advanced during trial and "ensur[ed] that the jury appropriately consider[ed] it." See Franklin, 960 F.3d at 1072 (quoting Christy, 647 F.3d at 770). Accordingly, the district court did not abuse its discretion in declining to give the proposed instruction.

Yellow Hawk also argues that the district court erred by permitting the government to make improper statements in its closing argument, during which the government argued that Yellow Hawk had not acted in self defense and had instead harbored some other motive for killing Janis. The government had introduced at trial a note that Yellow Hawk sent to his co-defendant while the two were in jail awaiting trial. The note stated that Yellow Hawk believed Janis to have been "slanging," or

---

[3]Because we conclude that the given instructions permitted Yellow Hawk to argue the theory he articulated at trial to the jury, we need not address whether his proposed instruction was a correct statement of law supported by the evidence.

selling drugs. Referring to the note, the government suggested that perhaps Yellow Hawk had shot Janis because Janis had been attempting to sell drugs on Yellow Hawk's turf. In response to Yellow Hawk's objection that the statements improperly suggested that Yellow Hawk himself had been a drug dealer, the district court instructed the jurors that they should rely on their own recollection of the evidence, further stating that "what the attorneys say as advocates is not evidence of any kind. Just trust your recollection."

We conclude that the district court did not abuse its discretion by permitting the jury to consider the government's argument that the killing may have resulted from Janis's incursion onto Yellow Hawk's turf. See United States v. Beaman, 361 F.3d 1061, 1064 (8th Cir. 2004) (standard of review). The statements constituted only a brief mention in a list of possible motives for the murder and was followed by the district court's cautionary instruction to the jury. When viewed in its context, we conclude that the remark was not improper and that it thus does not warrant reversal. See United States v. Franklin, 250 F.3d 653, 662 (8th Cir. 2001) (We do not reverse for "isolated incidents of improper argument" unless they are "egregious."); see also United States v. Mullins, 446 F.3d 750, 757 (8th Cir. 2006) (The relevant question on appeal is whether the statement "so infected the trial with unfairness as to make the resulting conviction a denial of due process." (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986))).

The judgment is affirmed.

_____