# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2871
_____

United States of America

*Plaintiff - Appellee*

v.

Samuel Francis White Horse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: March 16, 2022
Filed: June 3, 2022

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

A jury found Samuel Francis White Horse guilty of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1). White Horse appeals, arguing that the district court[1] failed to instruct the jury on one of the elements of the offense. We affirm.

_____

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

# I.

On February 12, 2020, a driver crashed at the home of White Horse and his parents. The driver attempted to flee, but White Horse and his father dragged the driver from his car, and White Horse's father beat the driver with a garden hoe. The driver died a few days later. Meanwhile, White Horse threw the hoe that his father had used to bludgeon the victim beneath the porch of their house. White Horse later admitted that he did this "to hide [the hoe]" because he "didn't want [his father] to get in trouble."

White Horse was charged with several crimes, including tampering with evidence. At trial, the district court instructed the jury that "tampering with evidence . . . has three essential elements": the defendant must have (1) "altered or concealed an object," (2) "acted corruptly in doing so," and (3) "acted with the intent to impair the [object's] integrity or availability for use in an official proceeding." The district court denied White Horse's request to add a fourth element: that "the natural and probable effect of [the] defendant's conduct would be the interference with the due administration of justice." However, the district court did instruct the jury that "[i]f the defendant lacks knowledge that his actions are likely to affect an official proceeding, he lacks the requisite intent to tamper with evidence." The district court explained that this change "captured the gist of" White Horse's request and was faithful to Supreme Court precedent without adding an element that had no basis in the statutory text.

The jury convicted White Horse of tampering with evidence. White Horse appeals, renewing his objection to the omission of the alleged fourth element from the jury instruction.

# II.

We review jury instructions for an abuse of discretion. *United States v. Williams*, 605 F.3d 556, 567 (8th Cir. 2010). "A district court has broad discretion

-2-

in instructing the jury, and jury instructions do not need to be technically perfect or even a model of clarity." *Id.* Accordingly, we will "affirm if the instructions, taken as a whole, fairly and adequately submitted the issues to the jury." *Id.*

The tampering-with-evidence statute, § 1512(c)(1), prohibits "corruptly . . . conceal[ing] a record, document, or other object, or attempt[ing] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." As we explain below, the Supreme Court has held in related contexts that a person "corruptly" acts with a certain intention only if the person knows that he is likely to accomplish the intention. Applying this principle to § 1512(c)(1), we conclude that although White Horse is correct that a conviction under § 1512(c)(1) requires proof of a nexus between the defendant's action and an official proceeding, the jury instruction properly framed this requirement as an implication of the statute's *mens rea* terms rather than as an independent element of the offense.

In *United States v. Aguilar*, the Court addressed 18 U.S.C. § 1503, which prohibits "corruptly . . . endeavor[ing] to . . . obstruct . . . the due administration of justice." 515 U.S. 593, 595, 598 (1995). The Court held that violating this prohibition requires not only acting with the intention of obstructing the due administration of justice but also knowing that one's action is likely to obstruct the due administration of justice. *See id.* at 599, 602. Although the Court did not say so explicitly, we and several of our sister circuits have concluded that it based its holding on the term "corruptly." *See United States v. Yielding*, 657 F.3d 688, 713 (8th Cir. 2011) (stating that the *Aguilar* Court interpreted the phrase "corruptly endeavor[ing]" to require "proof that the accused knew of a 'natural and probable effect' on a federal proceeding"); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011) (explaining that *Aguilar*'s holding "is best understood as an articulation of the proof of wrongful intent that will satisfy the *mens rea* requirement of 'corruptly' obstructing"); *United States v. Erickson*, 561 F.3d 1150, 1159 (10th Cir. 2009) (same); *United States v. Quattrone*, 441 F.3d 153, 170 (2d Cir. 2006) (same). This makes sense for two reasons. First, "corruptly" is the only relevant term in § 1503 other than "endeavors" that suggests a *mens rea* requirement, and the only

*mens rea* requirement that "endeavors" suggests is a requirement of intention. *See United States v. Russell*, 255 U.S. 138, 143 (1921) (interpreting the term "endeavor"). Second, "corruptly" is the only relevant term in § 1503 that modifies "endeavors to . . . obstruct," and the Court described the defendant's knowledge that he is likely to succeed as altering the character of his intention. *See Aguilar*, 515 U.S. at 599 (holding that "if the defendant lacks knowledge that his actions are likely to affect the judicial proceeding, he lacks the requisite intent to obstruct"); *id.* at 602 (stating that the defendant's "culpability is a good deal less clear" if his "intent to obstruct" is not accompanied by knowledge that he is likely to succeed).

The Court confirmed this reading of *Aguilar* in *Arthur Anderson LLP v. United States*, 544 U.S. 696 (2005). In *Arthur Anderson*, the Court addressed 18 U.S.C. § 1512(b), which prohibits "corruptly persuad[ing] another person, or attempt[ing] to do so, . . . with intent to" accomplish any of the objectives enumerated in the statute. 544 U.S. at 702-03. The Court observed that not every act of persuasion with intent to accomplish one of § 1512(b)'s enumerated objectives is wrongful in the sense implied by the term "corrupt[]." *Id.* at 703-05. At a minimum, the Court held, the persuader must know that he is likely to accomplish his intention in order to act corruptly. *See id.* at 708 (citing *Aguilar*, 515 U.S. at 599-600)).

Like §§ 1503 and 1512(b), § 1512(c)(1) uses the term "corruptly" in connection with an intention requirement. Furthermore, the language of § 1512(c)(1) is very similar to the language of § 1512(b)(2)(B). *Compare* § 1512(c)(1) (prohibiting "corruptly . . . conceal[ing] a record, document, or other object, or attempt[ing] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding"), *with* § 1512(b)(2)(B) (prohibiting "corruptly persuad[ing] another person, or attempt[ing] to do so, . . . with intent to . . . induce any person to . . . conceal an object with intent to impair the object's integrity or availability for use in an official proceeding"). Accordingly, we conclude that a person does not satisfy § 1512(c)(1)'s *mens rea* requirement unless he knows that he is likely to accomplish his intention to "impair [an] object's

integrity or availability for use in an official proceeding." *See United States v. Petruk*, 781 F.3d 438, 445 (8th Cir. 2015) (extending *Aguilar* and *Arthur Anderson* to § 1512(c)(2) in part because of "the similarity of statutory language between § 1512(c)(2) and the . . . provision at issue in *Aguilar*"); *Yielding*, 657 F.3d at 713 (linking *Aguilar*'s and *Arthur Anderson*'s requirement "that the accused knew of a 'natural and probable effect' on a federal proceeding" to the term "corruptly").

However, the instruction here "fairly and adequately" conveyed this requirement to the jury. *See Williams*, 605 F.3d at 567. Granted, the instruction may not have been "technically perfect." *See id.* It defined acting "corruptly" to involve "wrongdoing" without elaboration, and then, when discussing the requirement that "the defendant acted with the intent to impair the garden hoe's integrity or availability for use in an official proceeding," it instructed that "[i]f the defendant lack[ed] knowledge that his actions [we]re likely to affect an official proceeding, he lack[ed] the requisite intent to tamper with evidence." A more technically accurate instruction would indicate that the requirement that the defendant knew his actions were likely to affect an official proceeding follows from the requirement that his intention to affect an official proceeding was "corrupt[]." *See Arthur Anderson*, 544 U.S. at 707-08; *Aguilar*, 515 U.S. at 598-602. Nonetheless, the district court properly instructed the jury that not just any "intent to tamper with evidence" is sufficient to violate § 1512(c)(1) but only an intent the defendant knew he was likely to accomplish. This instruction was sufficient to submit the issue fairly and adequately to the jury. *See United States v. Franklin*, 960 F.3d 1070, 1072-73 (8th Cir. 2020) (holding that an instruction fairly and adequately submitted the issue to the jury because it conveyed what "the government must prove . . . in order to convict").

White Horse's argument to the contrary is predicated on the idea that a nexus between the defendant's conduct and an official proceeding is an independent element of a § 1512(c)(1) violation that the district court omitted from its instruction. *See Neder v. United States*, 527 U.S. 1, 8 (1999) (indicating that "a jury instruction that omits an element of the offense" is erroneous). But although White Horse is

correct that a defendant cannot have violated § 1512(c)(1) unless his action was likely to affect an official proceeding, this requirement is implicit in—rather than in addition to—the requirement that the defendant corruptly intended to affect an official proceeding. Under *Aguilar* and *Arthur Anderson*, corruptly acting with the intention of affecting an official proceeding entails knowing that one's action is likely to affect an official proceeding. And a person cannot *know* that his action is likely to affect an official proceeding unless his action is, in fact, likely to affect an official proceeding. Thus, the requirement that the defendant's action was likely to affect an official proceeding is implicit in § 1512(c)(1)'s *mens rea* requirement, which the challenged instruction covered. Nothing in the text of § 1512(c)(1) suggests any additional "nexus requirement." Therefore, the district court did not fail to instruct the jury on one of the elements of a § 1512(c)(1) violation.[2]

## III.

For the foregoing reasons, we affirm White Horse's conviction for tampering with evidence.

_____

---

[2]White Horse does not dispute that the evidence was sufficient to support the verdict, assuming the jury was properly instructed.